THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* VERNON R. BAILEY, Defendant-Appellant.

(No. 11375;

Fourth District—September 3, 1971.

G. Edward Moorman, of Alton, for appellant.

Charles J. Ryan, State's Attorney, of Jacksonville, for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

In March, 1970, the defendant was charged with possession of less than 2.5 grams of marijuana and sale of marijuana. In April of that year, pursuant to leave of court, an additional count was filed charging the defendant with possession of more than 2.5 grams of marijuana. On the same day defendant waived indictment and entered a plea of guilty to the newly filed charge of possession of more than 2.5 grams of marijuana under the then statutory definition of the offense found in section 22—40—6 of the Criminal Code. (Ill. Rev. Stat. 1969, ch. 38, par. 22—40—6.) Prior to accepting the defendant's plea of guilty to the charge of possession of more than 2.5 grams of marijuana, the circuit court admonished the defendant, who was then represented by counsel, as to the consequences of his plea and explained the various rights to a jury trial, to indictment by a grand jury, and other attendant constitutional protections. The plea of guilty was accepted.

Defendant made a motion for probation and that matter was set for hearing at a subsequent date. There was an extensive hearing on the motion for probation, at the conclusion of which probation was denied and the defendant was sentenced to a term of not less than 2, nor more than 10 years in the penitentiary. This appeal is from the judgment and sentence.

It is here urged that the trial court erroneously accepted the plea of guilty without full admonishment as to the defendant's rights and that the action of the trial court in denying probation was such as to constitute an abuse of discretion and finally that the sentence was imposed without a hearing in aggravation and mitigation and is excessive and should be reduced on appeal.

Counsel for the appellant at the time of oral argument expressly waived his contention that there was no hearing in aggravation and mitigation.

We have examined the record in detail with reference to the admonition given by the trial court to the defendant. We are very mindful

as we examine this record that this possession charge was subsequently filed and that the acceptance of the plea of guilty necessarily involved an understanding that there would be no prosecution on the more serious charge of sale as the law then existed. We find no substance to the defendant's contention that the admonition was in any way deficient. At one point the court did observe that if the defendant should be "found guilty", but in the context of that observation the court was clearly discussing the consequence of a judgment of guilty upon the acceptance of the plea.

An extensive hearing with reference to probation was conducted in the trial court. There was a thorough exploration by the trial court of this offense and of the defendant's history and background and the nature of his involvement with marijuana. The court heard testimony from many citizens of the community urging probation, heard argument of counsel, and this record gives meaning to the often used phrase that the court was, in fact, fully advised in the premises. We find no abuse of discretion in the denial of probation.

This defendant was convicted of an offense under the then statutory structure which classified marijuana as a narcotic and certain severe mandatory penalties were applicable, particularly upon conviction of sale. Possession was probationary; sale was not. The quantity of marijuana here involved was substantial—the reference being to 5 or 6 pounds.

Subsequent to this conviction and while this case was pending in the appeal process, the General Assembly enacted substantial and comprehensive changes in the drug laws with particular reference to marijuana. That legislation, known as House Bill 788, now Public Act 77-758, was approved by the Governor on August 16, 1971. In his message to the legislature, the Governor noted that: "Under the old law, heroin, perhaps the most dangerous addictive drug, is classified on the same plane as marijuana, a tobacco-like substance smoked by many people, despite serious questions as to whether it has any harmful effects. Marijuana will now be controlled under House Bill 788 which will be known as the 'Cannabis Control Act.'"

The penalty structure provided in Public Act 77-758 is substantially different.

In section 1 of the new Act the General Assembly expressly states that the current state of scientific and medical knowledge concerning the effects of cannabis makes it necessary to acknowledge the physical, psychological and sociological damage which is incumbent upon its use, but further declares that previous legislation enacted to control the use of cannibas has unnecessarily and unrealistically drawn a large segment

of our population within the criminal justice system without succeeding in deterring the expansion of cannibas use. The legislative intent in the new Act is stated to be "To establish a reasonable penalty system which is responsive to the current state of knowledge concerning cannabis and which directs the greatest efforts of law enforcement agencies toward the commercial traffickers and large-scale purveyors of cannabis. To this end, this Act provides wide latitude in the sentencing discretion of the courts and establishes penalties in a sharply rising progression based on the amount of substances containing cannabis involved in each case."

Section 4 of ch. 131, Ill. Rev. Stat. 1969, provides in substance that a defendant may benefit by a statute that mitigates a penalty in the event of sentencing after the effective date of the mitigation statute notwithstanding the date of the offense. After sentencing, this option is no longer available. (See *People v. Hansen,* 28 Ill.2d 322, 192 N.E.2d 359.) However, in *People v. Carleton,* 116 Ill.App.2d 450, 252 N.E.2d 702, we noted that where the legislature changed a penalty provision with reference to marijuana and the legislation became effective while the case was on appeal, that it was appropriate that the trial court reconsider a sentence in the light of that policy determination by the legislature.

In addition to the foregoing, section 18 of Public Act 77-758 provides: "Prosecution for any violation of law occurring prior to the effective date of this Act is not affected or abated by this Act. If the offense being prosecuted would be a violation of this Act, and has not reached the sentencing stage *or a final adjudication,* then for purposes of penalty the penalties under this Act apply if they are less than under the prior law upon which the prosecution was commenced." (Emphasis added.)

This record reflects that at the time of the hearing for probation, the State's Attorney did not oppose the granting of probation but rather expressly stated to the court that "In view of the entire record and in view of the testimony of some of the moral leaders of our community, I might say that I think I've done my job by bringing this case to court and that my position on the motion for probation is neutral,  *  *  *." The trial court determined to deny probation but in so doing expressly stated that he felt a minimal sentence was appropriate.

In his brief filed in this court, the State's Attorney discusses *People v. Carleton* and states with the commendable candor that we have come to expect from his office that the defendant and the trial court should avail themselves of an interim legislative change of attitude toward the offense and concludes by observing that he has no quarrel with the *Carleton* case.

■ Thus, in this case, as in *Carleton,* a significant, substantial and mitigating basic public policy change has intervened. Since this case

is pending on appeal, it is not a final adjudication within the meaning of the statute above quoted and it is appropriate therefore, as in *Carleton,* that this case reflect this policy change by the legislature in reclassifying and restructuring penalties with reference to marijuana. Under the new Act, the offense here established would be subject to a penalty under section 4(e) of imprisonment in the penitentiary of not less than 1 nor more than 5 years, unless it is a second offense, and such is not the fact here. It is appropriate, therefore, that this sentence be modified in accordance with the new statute and acting under the authority of Supreme Court Rule 615, the sentence is modified with a minimum sentence of not less than 1 year and a maximum of not more than 5 years.

The judgment of conviction and the sentence as modified are affirmed.

Affirmed as modified.

SMITH, P. J. and TRAPP, J., concur.