THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM LEE LOBB, a/k/a BILLY LEE LOBB, Defendant-Appellant.

(No. 11605;

Fourth District—February 7, 1973.

Matthew J. Moran, of Defender Project, of Chicago, for appellant.

Basil G. Greanias, State's Attorney, of Decatur, (Scott B. Diamond, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

The defendant was convicted in a jury trial of burglary. A sentence of not less than 10 nor more than 30 years was imposed. Upon this direct appeal he contends that the evidence was insufficient to convict; that error was committed in the People's cross-examination of an alibi witness; that he was denied due process in that certain testimony before the

grand jury was not recorded; and, finally, that the sentence imposed was excessive.

The offense here relates to the burglary of a residence in Decatur, Illinois. Two other defendants, Lloyd Webb and Malcolm Tague, were caught in the act of the burglary. Both entered pleas of guilty. The plea of guilty of each was based upon negotiated pleas. In accordance with such negotiated plea, Tague was placed on probation and Webb, who had one prior conviction, was sentenced to a term of not less than 2 nor more than 7 years. As part of these negotiated plea agreements, each was to testify at the trial of the defendant. The defendant had two prior convictions.

These two witnesses did testify as to their involvement in the offense and the involvement of the defendant in the planning and execution of the burglary. In addition to their testimony, two police officers testified that they had seen a car, known to them to belong to the defendant, in the area of the burglary at about the time of the offense. One officer identified the defendant as the driver of the car at that time. In addition to the foregoing, other witnesses testified in this case, establishing the fact of the burglary. The defendant presented alibi testimony.

■■  Our review of this record leads us to the conclusion that the essential question was one of credibility of witnesses and needless to say, that issue is for the trier of fact. Upon the issue of whether the evidence was sufficient to convict beyond a reasonable doubt, we find that the evidence was clearly sufficient to convict. No useful purpose would be served by detailing the testimony and the evidence, and accordingly, pursuant to Rule 23, upon this issue we reject defendant's contention that the evidence was insufficient.

■■  The defendant contends that the unavailability of a transcript of grand jury testimony for his use for impeachment constituted a denial of due process. The record indicates that the testimony before the grand jury was not recorded. This issue was discussed by our Supreme Court in *People v. Aughinbaugh* (1967), 36 Ill.2d 320, 223 N.E.2d 117, and the court there held that it was not prejudicial error to deny a request to obtain a transcript when there was no showing that there was in fact a transcript. The court there clearly held there was no constitutional requirement that the testimony before a grand jury be recorded. Also, in *People v. Lentz*, 288 N.E.2d 653, the court discussed this issue and the holding of *Aughinbaugh* is reviewed. In *Lentz*, the court discusses the issue in the light of the new rules of discovery. We agree with the discussion contained in *Lentz* and find no merit in this contention of the defendant.

■■ Marilyn Lobb, wife of the defendant, testified as an alibi witness. Upon cross-examination, inquiry was made as to why certain information which she had testified to as part of the alibi was not volunteered to investigating police officers at the time she was interrogated by them. Defendant contends that this was improper cross-examination; that it was an effort at "impeachment by omission" and improper under the circumstances. The record in this case indicates that at the time of the cross-examination of Mrs. Lobb, general objections were made at several points during the testimony. Such objections were sustained and the specific issue now presented was not submitted to nor passed upon by the trial court. In the absence of the application of the doctrine of plain error, this court will not review issues not submitted to or passed upon by the trial court and such are deemed waived.

■■ Finally, we turn to the question of the asserted excessiveness of sentence. In consideration of this issue, we are mindful of the fact that the new Code of Corrections and its sentencing provisions became effective on January 1, 1973. Illinois Revised Statutes (1972 Supp.); ch. 38, par. 1008—2—4, provides that if the prosecution of an offense has not reached the sentencing stage *or* "a final adjudication", then for purposes of sentencing, the sentences under the Code of Corrections apply if they are less than under the prior law upon which the prosecution was commenced. In *People v. Bailey,* 1 Ill.App.3d 161, 273 N.E.2d 74, this court considered the exact same language as the same was contained in the new Cannabis Control Act. We there held that a case pending on appeal had not reached "a final adjudication" and that the new and lesser sentencing provisions would be applicable. (See also *People v. McCabe,* 49 Ill.2d 338, 275 N.E.2d 407 (diss. opinion).) Thus, we hold that the sentencing provision of the new Code of Corrections is applicable to this case.

■■ Burglary is now classed as a Class 2 felony. (Ill. Rev. Stat. (1972 Supp.), ch. 38, par. 19—1.) The authorized penalty upon a sentence of imprisonment for a Class 2 felony is one wherein the maximum term shall be any term in excess of 1 year but not exceeding 20 years; and now as to a Class 2 felony, the minimum term is not permitted to be greater than one-third of the maximum term set by the court. In fixing a minimum in excess of the statutory minimum, the sentencing court is required to regard the nature and circumstances of the offense and the history and character of the defendant. Thus, in this case the maximum exceeds that which is not authorized by law and such limitation is applicable here. The minimum is likewise in excess of the minimum now provided by law. We also note that sentences imposed under the new

Code of Corrections include, as though written therein, a parole term in addition to the required indeterminate sentence. That required parole term, likewise now applicable here, is a parole period of 3 years.

Accordingly, in accordance with the new Code of Corrections, the sentence in this case is modified and as modified the minimum shall be not less than 6 years and 8 months and the maximum not more than 20 years. With the sentence thus modified, the conviction is affirmed and this cause is remanded to the circuit court of Macon County with directions to issue an amended *mittimus* reflecting the foregoing modification.

Conviction affirmed, sentence modified, cause remanded with directions.

SMITH and SIMKINS, JJ., concur.