The People of the State of Illinois, Plaintiff-Appellee, *v.* Frederick
Caritinos, Defendant-Appellant.

(No. 11625; ▓▓▓▓▓▓▓▓)

Fourth District—February 14, 1973.

John F. McNichols, of Defender Project, of Springfield, (J. Daniel
Stewart, of counsel,) for appellant.

Richard A. Hollis, State's Attorney, of Springfield, (D. Bradley Blod-
gett, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant pleaded guilty to the charge of attempted burglary. He
appeals the denial of his petition for probation and the sentence of two to
five years.

■■ We find no abuse of discretion in the denial of probation. Defendant was a parole violator in Wisconsin, and the record shows that he had violated probation in that State. Three other convictions demonstrated criminal propensities.

■■ Defendant's argument that the principles of indeterminate sentence are violated because the minimum under the Illinois sentence and the sentence remaining to be served as a parole violator in Wisconsin exceed one-third of the maximum sentence is not persuasive. There is no reasonable basis for requiring a sentence in this State to be controlled or minimized by reason of a sentence remaining to be served in another State.

■■ The Unified Code of Corrections became effective January 1, 1973. (Ill. Rev. Stat. 1972, ch. 38, par. 1008—6—1.) Par. 1008—2—4 provides that sentences shall be under that statute if there has not been a "final adjudication". A cause pending on appeal has not reached a final adjudication within the meaning of the statute. (*People v. Bailey*, 1 Ill. App.3d 161, 273 N.E.2d 74.) The offense of burglary is a Class 2 felony. (Ill. Rev. Stat. 1972, ch. 38, par. 19—1.) The offense of attempt to commit burglary is a Class 3 felony. (Ch. 38, par. 8—4(c)(3).) A sentence for a Class 3 felony shall be not less than one year nor more than ten years, with the further provision that the minimum sentence shall not be greater than one-third of the maximum. (Ill. Rev. Stat. 1972, ch. 38, par. 1005—8—1(c)(3).) Under such provision the minimum sentence must be reduced to a term of one year and eight months.

Upon the authority of Supreme Court Rule 615 the sentence is so modified. The conviction and sentence as modified are affirmed and the cause is remanded to the Circuit Court with directions that a *mittimus* modified as provided herein shall issue.

Affirmed.

SMITH, P. J., and SIMKINS, J., concur.