THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SAMUEL HOWELL, Defendant-Appellant.

(No. 11590;

Fourth District—February 14, 1973.

S. Powell Bridges, of Defender Project, of Chicago, for appellant.

Paul R. Welch, State's Attorney, of Bloomington, (John A. Beyer, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

The defendant entered a plea of guilty to the charge of criminal damage to property. The damage to the property was alleged to have been in excess of $150. Such charge was contained in Count II of an indictment returned in December of 1968. Upon the defendant entering a plea of guilty, he filed a petition for probation. Probation was granted. Thereafter, in April 1971, a petition to revoke probation was filed and after a hearing, probation was revoked and the defendant was sentenced to the Illinois State Penitentiary for a term of 18 months to 4 years. The appeal is from the proceeding resulting in the revocation of probation and the imposition of sentence. The defendant contends that the evidence was insufficient to establish violation of probation and contends that the quantum of proof necessary to establish violation of probation is proof beyond a reasonable doubt rather than by a mere preponderance of the evidence.

██ Several grounds were set forth in the petition for seeking revocation of probation. The trial court found that the evidence established the grounds set forth in paragraph 5 of the petition. That paragraph reads as follows:

"5. That notwithstanding the terms and conditions of said probation, Defendant has violated his probation in that on the 7th day of December 1970, Defendant committed the offense of Theft under $150 in that he aided and abetted Robert Dale McLain and Willard Wayne Pearson in the commission of an offense whereby they obtained unauthorized control over gasoline owned by Standard Oil, a Division of American Oil Company, located at RFD, Arrowsmith, Illinois, such property being taken

without the consent of the owner and without the authority of the owner, with the intend to deprive the owner permanently of the use and benefit thereof, in violation of Section 16—1, Chapter 38, Illinois Revised Statutes, 1969 Edition."

The trial court found that such violation had been established by the preponderance of the evidence. There is a clear intimation that the proof of violation was not sufficient to establish the violation beyond a reasonable doubt. The evidence of violation was based upon the testimony of the two named accomplices, Pearson and McLain, as to the occurrence events. Such testimony was testimony of accomplices and the same was impeached to some extent. Upon review of this record, we cannot say that the finding of the trial court is contrary to the manifest weight of the evidence when proof of the violation conduct is measured by a preponderance of the evidence.

■■ In *People v. Crowell* (1973), 53 Ill.2d 447, (N.E.2d), the Supreme Court held "that a violation of the conditions of probation must be proved by a preponderance of the evidence." That holding is dispositive of the defendant's contention that proof of violation of the terms of probation must be measured by a standard of proof beyond a reasonable doubt.

■■ The offense here involved—criminal damage to property, with the damage exceeding $150—is now defined in Illinois Revised Statutes, 1972 Supp., ch. 38, par. 21—1. Such offense is a Class 4 felony. A Class 4 felony upon sentence of imprisonment is subject to the limitation that the maximum term shall be any term in excess of 1 year and not exceeding 3 years and the minimum term shall be 1 year in all cases. (Ill. Rev. Stat. 1972 Supp., ch. 38, par. 1005—8—1.) Where, as here, the offense being prosecuted has not reached "a final adjudication", then for purposes of sentencing, the sentences under the new Act constituting the Code of Corrections apply if they are less than under the prior law upon which the prosecution was commenced. Such is the fact here. (See *People v. Bailey*, 1 Ill.App.3d 161, 273 N.E.2d 74; *People v. Lobb* (1973), 9 Ill.App.3d 650, (N.E.2d).) The sentence imposed exceeds what is now the 3 year statutory maximum and exceeds what is now the 1 year statutory minimum. The sentence is modified to reflect the required statutory minimum and the permissible statutory maximum. The minimum is fixed at 1 year and the maximum at 3 years. As modified, the sentence is affirmed and this cause is remanded to the circuit court of McLean County with directions to cause an amended *mittimus* to issue.

Judgment affirmed, sentence modified, and cause remanded.

SMITH and SIMKINS, JJ., concur.