THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY GREGURICH, Defendant-Appellant.

(No. 11699;

Fourth District—March 27, 1973.

John F. McNichols, of Defender Project, of Springfield, (J. Daniel Stewart, of counsel,) for appellant.

Basil G. Greanias, State's Attorney, of Decatur, (Ronald L. Carpel, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

A jury found defendant guilty of aggravated battery upon a police officer. (Ill. Rev. Stat. 1969, ch. 38, par. 12—4(b) (6).) Sentence of two to four years was imposed.

Upon appeal it is urged that the court erred in giving the State's instruction, IPI, Criminal No. 24.10 and 4.05, and that the court erred in refusing to grant a mistrial.

It is not contended that the evidence was not sufficient to support the jury's verdict, and we do not set forth the evidence in detail. Eight police officers and deputy sheriffs testified in behalf of the prosecution, while the defendant and five companions testified for the defense. Defendant's brother was acquitted upon the joint trial of a charge of aggravated battery upon a police officer occurring at the same time and place.

■■ Upon the issue of the denial of a mistrial, the record shows that

one Holsapple testified that he was a deputy sheriff who was directed to the scene. Upon arrival he reported to the city police officer in command and learned that two males and one female were in the "paddy wagon", and he was directed to assist in placing the female in a squad car for transportation. He testified that he heard banging and obscenities shouted from the wagon but did not know the persons confined there. He, with other officers, removed the female. Holsapple was then asked what happened next and stated:

> "Well, one of the two boys who I seen in the inside of the paddy wagon yelled at me and said, 'Holsapple, you [obscenity omitted], I guess you are going to send me back to the penitentiary for ten years again.'"

Defendant's retained counsel requested the court for a recess. Thereafter, he advised the court that he believed that the answer was not responsive:

> "[B]ut, we are going to waive the right to make a motion for mistrial because we feel that the total case should be aired in front of this jury."

Counsel then had a further discussion with his clients and withdrew his waiver of a motion for a mistrial. No further motion directed to the testimony was made. The State's Attorney suggested that the court instruct the jury to disregard the answer. Ultimately, defense counsel asked the court not to instruct the jury to disregard the answer for he "[I]ntend[ed] to cross-examine about it." His cross-examination of Holsapple was in detail as to whether the witness had talked with defendant while the latter was in jail, and whether the witness knew that defendant was going to testify in his own defense.

Among the witnesses called by defendant were Debbie Hise and Andrew Riley. On direct examination each testified to the circumstances where defendant had been asked for identification by a police officer (not Holsapple), and each testified to defendant's reply to the effect that he only had 60 days left and why couldn't they give him a break. Defendant testified to making the same statement, and he also testified on direct examination to his being on parole and that he had been discharged from parole pending this trial.

Upon motion for a new trial, the court noted that defendant had testified in his own behalf and that the record of defendant's conviction would be admissible for impeachment, although it apparently was not proven by the record of his conviction.

Defendant's conviction was not remote in time within the rule of *People v. Montgomery,* 47 Ill.2d 510, 268 N.E.2d 695. Defendant relies upon *People v. Cage,* 34 Ill.2d 530, 216 N.E.2d 805; *People v. Meid,* 130

Ill.App.2d 482, 264 N.E.2d 209, and *People v. Gleason*, 36 Ill.App.2d 15, 183 N.E.2d 523. In each case the State's witnesses testified to the acts of a defendant which would constitute a criminal offense but for which defendant had not been convicted, and so far as shown in the opinions, with which he had not been charged. In *Cage*, defendant was charged with murder during the robbery of a candy store. The prosecution called witnesses who testified to the defendant having robbed four candy stores following the date of the murder. The Supreme Court concluded that the trial court should have striken or excluded the testimony. Here, retained counsel chose to request that the court not admonish the jury to disregard the statement, and we find no other motion to strike or exclude. The defense testimony, itself, made apparent to the jury the status of his parole. Defendant does not contend that he was forced to introduce evidence because of the Holsapple statement, and the record suggests that the defendant sought to suggest to the jury that the police were "out to get him". We find no reversible error.

The defense tendered and the court gave an instruction in the language of IPI, Criminal No. 24.06 (Ill. Rev. Stat. 1969, ch. 38, par. 7—1):

> "A person is justified in the use of force when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against the imminent use of unlawful force."

The prosecution tendered and the court gave IPI, Criminal No. 24.10 in the language:

> "A person is not justified in the use of force if he is committing a forcible felony.",

and a further instruction in the language of IPI, Criminal No. 4.05:

> "When I use the words 'forcible felony' I mean Aggravated Battery."

Defendant urges here that the instruction in the language of IPI, Criminal No. 24.10 suggests that defendant was committing a forcible felony other than the battery at issue, and that the evidence does not show there was any other felony being committed by defendant.

The instruction, IPI, Criminal No. 24.10 is keyed to Ill. Rev. Stat. 1969, ch. 38, par. 7—4(a). The Committee Comments to the statute notes that ch. 38, pars. 7—1, 7—2 and 7—3 state the terms of the justifiable use of force in defense of one's person or property, but that par. 7—4(a) limits such right and that:

> "In general, he has no right of defense if he is attempting or committing a forcible felony.  *  *  *."

The instructions taken as a series correctly advised the jury of the right of self-defense and the limitations upon such right.

Defendant relies upon *People v. McCauley,* 2 Ill.App.3d 734, 277 N.E.2d 541. There defendant was charged with aggravated battery upon a police officer. The court gave instructions concerning the use of force by police where there was a resisting of arrest or attempt to escape. The court there held that the instructions referred to two crimes which had not been charged against the defendant and were, therefore, prejudicial. The facts of this case do not come within the rule stated in *McCauley.*

The Code of Corrections effective January 1, 1973, governs the terms of a sentence imposed in cases upon review. *People v. Mize,* 9 Ill.App.3d 647, N.E.2d; *People v. Lobb,* 9 Ill.App.3d 650; *People v. Bailey,* 1 Ill. App.3d 161, 273 N.E.2d 74.

■■ Aggravated battery is a Class 3 felony. (Ill. Rev. Stat. 1972 Supp., ch. 38, par. 12—4(d).) The minimum sentence for a Class 3 felony shall not exceed one-third of the maximum. (Ill. Rev. Stat. 1972 Supp., ch. 38, par. 1005—8—1(c)(4).) Upon the direction of the Code of Corrections and under the authority of Supreme Court Rule 615, the minimum sentence is modified, and as modified, the minimum sentence shall be not less than one year and four months, and the maximum sentence shall not be more than four years.

With the sentence thus modified, the conviction is affirmed and the cause is remanded to the Circuit Court of Macon County, with directions to issue an amended *mittimus* reflecting such modication.

Conviction affirmed, sentence modified, cause remanded with directions.

CRAVEN, P. J., and SIMKINS, J., concur.