THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES R. NEAL, Defendant-Appellant.

(No. 11773; 

Fourth District—May 24, 1973.

William Forbes Nissen and Edwin John Apenbrink, both of Quincy, for appellant.

Matthew A. Hutmacher, Assistant State's Attorney, of Quincy, for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

The Defendant-Appellant Charles R. Neal was tried before a jury and convicted of aggravated assault, committed with a deadly weapon, in violation of Ill. Rev. Stat. 1969, ch. 38, sec. 12—2(a)(1). After hearing in aggravation and mitigation the defendant was sentenced to an indeterminate term, the minimum being fixed at 18 months and the maximum at 3 years. Defendant appeals from the judgment and sentence.

The defendant urges that the State failed to prove his guilt beyond a reasonable doubt. We note that the appellant did not abstract any of the evidence on this issue as required by Supreme Court Rule 342(e)(3) and the statement of facts on the issue contained no references to the pages

of the record on appeal as required by Supreme Court Rule 341(e)(6). In resolving the issue we therefore had no choice but to search the record.

■■ The victim of the assault was one Allen Curtis Haskins. There were three eye witnesses who saw various portions of the incident in question. They were Haskins, John Miles and Barbara Holliday. It would serve no useful purpose, nor would there be any precedential value, in reciting their testimony in detail. While there are some discrepancies in the testimony concerning the precise location of the defendant at the time of the offense, the failure of the witnesses to pinpoint defendant's geographical location at most affects the credibility of the witnesses, which is a matter for the jury's determination. (*People v. Robinson*, 30 Ill.2d 437, 440, 197 N.E.2d 45.) All three witnesses positively identified defendant Neal as the assailant. The relatively minor variations in the testimony of the witnesses were not sufficient to create a reasonable doubt of defendant's guilt.

■■ The defendant also argues that the proof is insufficient in that the State failed to produce the weapon which was in defendant's possession at the time of the incident. Two of the witnesses testified that they saw the gun in defendant's hand. There is no requirement in the law that the weapon in question must be produced before the jury. Defendant's possession and use of the weapon in committing the assault may be established by competent testimony which leads to that conclusion. *People v. Harrison*, 359 Ill. 295, 299, 194 N.E. 518.

■■ Lastly, defendant argues that his sentence is excessive and violative of the principles of indeterminacy. Section 8—2—4 of the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1008—2—4) provides that the sentencing provisions of the Code are applicable to all cases which had not reached final adjudication prior to January 1, 1973, the effective date of the Code. A case pending on appeal has not reached final adjudication. (*People v. Bailey*, 1 Ill.App.3d 161, 273 N.E.2d 74; *People v. Lobb*, 9 Ill.App.3d 650, 292 N.E.2d 750.) Section 12—2(b) of the Criminal Code (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 12—2(b)) designates aggravated assault as a Class A misdemeanor and section 8—3(1) of the Unified Code of Corrections provides that the sentence for a Class A misdemeanor is "for any term less than one year."

Defendant's conviction is affirmed. The sentence imposed is vacated, and the cause remanded to the trial court with directions to reimpose sentence under the applicable provisions of the Code of Corrections.

Affirmed in part, sentence vacated, and cause remanded with directions.

CRAVEN, P. J., and SMITH, J., concur.