THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CECIL TOMER, Defendant-Appellant.

(No. 11954;

Fourth District—May 24, 1973.

John F. McNichols, of Defender Project, of Springfield, (J. Daniel Stewart, of counsel,) for appellant.

L. Stanton Dotson, State's Attorney, of Charleston, (John A. Beyer, of Circuit Attorney Project, of counsel,) for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant-Appellant Cecil Tomer was indicted on September 21, 1970, with the burglary of the residence of one Robert J. Austin. He was tried before a jury, convicted and sentenced to an indeterminate term of 10 to 20 years in the penitentiary.

On appeal defendant urges that the evidence fails to establish his guilt beyond a reasonable doubt. In support of this proposition he argues that the testimony of an alleged accomplice, upon which the State's case was substantially based, was inherently incredible and unworthy of belief. However, the uncorroborated testimony of an accomplice is sufficient to warrant a conviction if it satisfies the jury beyond a reasonable doubt. (*People v. Hermens*, 5 Ill.2d 277, 125 N.E.2d 500.) "* * * the testimony of an accomplice, even though it is attended with infirmities (such as malice toward the accused, promises of leniency, *etc.*) and uncorroborated, is sufficient to sustain a guilty finding if it satisfies the jury beyond a reasonable doubt [citations], and * * * we will not disturb a conviction based thereon unless it is plainly apparent that such degree of proof is lacking." (*People v. Wollenberg*, 37 Ill.2d 480, 484-485, 229 N.E.2d 490.) The jury was properly instructed as to the manner in which it was to weigh the testimony of an accomplice. Examination of the record impels the conclusion that the question here is the credibility of the witnesses which, of course, is resolved by the verdict of the jury. On the issue of reasonable doubt we find that there was sufficient evidence to convict. We see no useful purpose to be served in reciting the evi-

dence and, pursuant to Supreme Court Rule 23, we "* * * reject defendant's contention that the evidence was insufficient." *People v. Lobb,* 9 Ill.App.3d 650, 292 N.E.2d 750.

■■ Defendant's remaining assignment of error is that his sentence is excessive. The record discloses prior convictions for petty larceny, armed robbery, burglary, unlawful use of weapons and an escape conviction. There are also two parole violations. This record commences in 1947 and culminates in 1971. It does not warrant the exercise of our authority to reduce sentence under Rule 615(b)(4). Section 8—2—A of the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1008—2—4) provides that the sentencing provisions of the Code are applicable to all cases which had not reached final adjudication prior to January 1, 1973, the effective date of the Code. A case pending on appeal has not reached final adjudication. (*People v. Bailey,* 1 Ill.App.3d 161, 273 N.E.2d 74; *People v. Lobb,* 9 Ill.App.3d 650, 292 N.E.2d 750.)

Ill. Rev. Stat., 1972 Supp., ch. 38, par. 19—1(b), classifies burglary as a Class 2 felony. Section 5—8—1(3) of the Code of Corrections provides that for a Class 2 felony the maximum term shall be any term in excess of one year not exceeding 20 years and subparagraph (c)(3) of that section provides that the minimum term shall not be greater than one third of the maximum. Therefore the minimum term imposed is in excess of that permitted by the Unified Code of Corrections.

Defendant's conviction is affirmed. The minimum term of 10 years imposed by the trial judge is vacated and the sentence is modified to impose a minimum term of 6 years, 8 months, the maximum term of 20 years is affirmed. The cause is remanded to the trial court with directions to issue an amended mittimus to reflect the foregoing sentence modification.

Conviction affirmed, sentence modified, cause remanded with directions.

CRAVEN, P. J., and SMITH, J., concur.