THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ARTHUR MORRISON, Defendant-Appellant.

(No. 11871;

Fourth District—August 13, 1973.

Carlon and Carlon, of Normal, (Patricia A. Carlon, of counsel,) for appellant.

Paul R. Welch, State's Attorney, of Bloomington, (Steven M. Helm, Senior Law Student, of counsel,) for appellee.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

This is an appeal by defendant from a conviction for a violation of Illinois Revised Statutes (1971), ch. 38, par. 24—1(a)(8), in that he possessed a shotgun with a barrel less than eighteen inches in length. Defendant contends the weapon in question was seized as the result of search that violated his fourth amendment rights and those rights found in article II, section 6, of the Illinois Constitution of 1870 and the trial court improperly limited his attack on the warrant.

The events that gave rise to this appeal began on December 14, 1970, when officer Wayne W. Emmett was called to defendant's residence on official police business. While there, Emmett noticed a shotgun hanging on the kitchen wall with a barrel which appeared to be less than eighteen inches. On May 10, 1971, defendant and his wife were arrested on unrelated charges, as was one Lena Christine McDonald. At that time, McDonald gave a statement to the police that she had resided with defendant and that she had seen a sawed-off shotgun therein on several occasions, the last being on April 1, 1971—forty days prior to her statement.

With this information, officer Emmett then secured a search warrant. At approximately 11:45 P.M. on May 10, officers Emmett and Spiecker went to defendant's residence. They gained entrance through the back door, and found a sawed-off shotgun in the bedroom of the home.

The complaint for the search warrant in question specifically described the places to be searched and the item that was to be seized. Paragraph one stated that the affiant Wayne W. Emmett was a police officer for the City of Bloomington, Illinois. Paragraph two mentioned the events of December 14, 1970. Paragraph three stated that on December 14, 1970 defendant's wife told affiant that defendant possessed a sawed-off shotgun which he kept in his home. Paragraphs four and five recount the statement of Lena McDonald. Paragraph six relates that affiant had knowledge of the defendant's rap sheet.

Prior to trial, defendant's counsel presented a motion to suppress the evidence acquired as a result of the search and seizure. The grounds were that the search warrant did not comply with Illinois Revised Statutes (1971), ch. 38, par. 108—3, in that it was issued without probable cause. Defendant submitted there was an inadequate recitation of facts to establish probable cause and affiant failed to vouch for the credibility of the informant (Lena McDonald); and that the date (May 10, 1971) affiant acquired the information from the informant was too remote from the date (April 1, 1971) the informant last acquired said information. The court denied the motion. At defendant's bench trial, the motion to

suppress was timely renewed and again denied. The defendant was convicted of the charge.

On appeal, defendant renews his contentions and submits the trial court improperly limited the attack on the search warrant to proof of only fraud and perjury by the affiant.

■■ Probable cause cannot be established by an affidavit containing conclusory statements establishing only that an affiant believes probable cause exists without stating some of the underlying circumstances upon which that belief is found. The United States Supreme Court has held that a recitation of these underlying circumstances is absolutely essential. (*United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684.) The amount of information necessary concerning underlying circumstances depends a great deal upon the particular offense in question. We find that officer Emmett's affidavit contains enough facts to enable the magistrate to make his independent determination that probable cause existed for the issuance of the warrant.

The rules of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, state that when probable cause is based solely or partially upon an informant's information, there must be a detailing of the underlying circumstances showing why the informant's conclusions are believable, and why the informant is credible or reliable.

■■ Defendant submits that the complaint for the search warrant here was faulty because the affiant did not vouch for the credibility of the informant; therefore, the magistrate who issued the warrant should not have relied on the information elicited from the informant in making his determination that probable cause existed. Officer Emmett did not include in the affidavit the standard phrases attributing reliability and/or credibility to his informant, but he did establish a factual basis that would permit the magistrate to reasonably believe that the informant was credible as required by *Spinelli*.

Officer Emmett stated that he observed the sawed-off shotgun in December of 1970. His informant corroborated that observation by stating she had resided in defendant's residence up to April 1, 1971; she had seen the weapon in question several times; and that defendant had told her the shotgun was eight inches under the legal length. She detailed with preciseness the various places where the shotgun was kept. The informant's credibility is bolstered by the interrelationship of the two separate but identical observations of the sawed-off shotgun. Moreover, the informant in this case, unlike those in *Aguilar* and *Spinelli*, was not anonymous.

Defendant contends that the information found in the affidavit supporting the search warrant was stale, thus vitiating any semblance of probable cause found therein. The affiant's initial observation took place several months prior to the acquiring of the warrant. The informant's last observation took place on April 1, 1971—forty days prior to the seizing of the shotgun under the warrant. The critical question is: was the securing of the warrant so remote in time from the informant's last observation of the shotgun as to render the warrant void? We find that it was not.

■■ An affidavit used to support a search warrant "must speak as of the time of the issue of the warrant". (*Sgro v. United States*, 287 U.S. 206, 211, 53 S.Ct. 138, 77 L.Ed. 260.) Notwithstanding the just cited rule, there is no formulized time limit set on how old the information contained in an affidavit may be. In *People v. Dolgin*, 415 Ill. 434, 114 N.E.2d 389, the court approved the delay of forty-nine days and held that there was no hard and fast rule concerning the time within which the complaint should be made except that it should not be too remote. "Whether or not it is too remote depends upon all the facts and circumstances of the particular case." 415 Ill. 434 at 442.

Just how long a period may pass before probable cause evaporates is contingent upon the nature of the criminal activity. In this case the offense was a continuing one. Affiant's affidavit establishes this fact. Under the circumstances and facts of this case, we find that the information was not stale but quite probative.

■■ Lastly, defendant contends that the trial court erroneously limited his attack on the search warrant to proof of only fraud and perjury by affiant. In *People v. Kak*, 45 Ill.2d 140, 258 N.E.2d 341, the supreme court held that a defendant could not challenge a search warrant valid on its face. It is the duty of the issuing magistrate and not the defendant to determine and evaluate the credibility of the affiant. The court noted that the necessity of stating underlying facts in the warrant served two functions: it provided probable cause for the issuance of the warrant, and, secondly, it acts as a basis for a perjury charge if the affiant was lying. We hold that the trial court was not in error when it limited defendant's attack on the warrant.

The defendant was granted probation for a period of three years conditioned upon his serving six months in the State Penal Farm. Such condition is not now permissible under the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—6—3). This case pending upon direct appeal has not reached a "final adjudication" for purposes of sentencing and the new Code is applicable. (*People v. Lobb*, 9 Ill.

App.3d 650, 292 N.E.2d 750.) Accordingly, the conviction is affirmed, the sentence is vacated, and this cause is remanded for the imposition of the sentence of probation in conformance with the provisions of the Code of Corrections.

Affirmed and remanded with directions.

TRAPP and SMITH, JJ., concur.