THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDWARD PICKETT, Defendant-Appellant.

(No. 11969;

Fourth District—December 27, 1973.

John F. McNichols, Deputy Defender, of Springfield (Bruce L. Herr, Assistant Appellate Defender and Daniel L. Furrh, Senior Law Student, of counsel), for appellant.

John G. Satter, State's Attorney, of Pontiac (Michael Prall, of Circuit Attorneys Project, and Bruce Brown, Senior Law Student, of counsel), for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

The defendant was convicted upon his negotiated plea of guilty of the offense of deviate sexual assault. A sentence of four years probation conditioned upon one year in the Illinois State Penitentiary was imposed. Defendant was then an inmate in the Illinois State Penitentiary and the one-year sentence imposed as a condition for probation was made to be concurrent with the sentence then being served.

The defendant urges that the indictment was void in that it did not adequately specify the criminal act alleged to have been committed. It is further the contention of the defendant that there was not sufficient compliance with Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402) with reference to the plea of guilty in that the nature of the charge was not adequately explained; that the court did not properly determine the existence of a factual basis for the plea; and error in that the court in its explanation of the possible penalty coerced the plea of guilty. Finally, the defendant asserts that he was denied his right to counsel when his attorney was not present in the court at the time the plea of guilty was accepted and sentence was imposed. We affirm the conviction and modify the sentence.

168

■ ■ The indictment in this case is essentially in the language of the statute (Ill. Rev. Stat. 1971, ch. 38, par. 11—3). The defendant contends that the phrase "submit or perform" as there used is ambiguous so as to constitute an inadequate allegation of the specific criminal act committed. This issue has been considered by this court and resolved contrary to the contention of the defendant. The opinion filed by this court in *People v. Williams,* 13 Ill.App.3d 951, 301 N.E.2d 326, is dispositive of this issue.

■■ The trial court in this case explained the nature of the charge to the defendant before accepting his guilty plea. The record is clear that the trial court recited the allegations of the indictment to the defendant, interrogated the defendant with reference to his understanding of the charge, and in the same proceedings, elicited from the state's attorney a statement of the events that constitute a factual basis for the plea. We find substantial compliance with the requirements of Rule 402 to be in this record.

■■ The court in admonishing the defendant as to the possible penalties stated:

"Now, the minimum and maximum sentence prescribed by law for one guilty of this offense is a minimum sentence of four years and a maximum sentence of fourteen years. And in the case where you are already serving a sentence, as you are, the law would require that any such penalty be made consecutive. That is to begin at the termination of your present sentence. *So on conviction of the offense of deviate sexual assault this is what the penalty would be in the absence of a plea agreement as you have made here."* (Emphasis added.)

The italicized portion of the admonition is alleged to be coercive. The defendant contends that this is a threat to impose a harsher sentence upon trial. We are not persuaded that that is the interpretation necessarily placed upon the admonition. The penalty is properly described. It is the duty of the trial court under the express language of Rule 402 to advise of the consecutive nature of the sentence, if applicable, and where, as here, the offense being prosecuted is committed within any division of the penitentiary system, such sentence is to be consecutive. (See Ill. Rev. Stat. 1971, ch. 108, par. 118; see also *People v. Zatz,* 13 Ill.App.3d 322, 300 N.E.2d 16.) At the time of the foregoing admonition probation was not considered a sentence as it is now under the Unified Code of Corrections. Thus, while the offense being prosecuted was probational, the admonishment was an accurate statement of the alternatives for sentence.

■■ This record shows appointment of counsel for the defendant and

participation in the proceedings by court-appointed counsel, including participation in the plea negotiation process. The record does contain a reference to absence of counsel at one point in the proceeding when the judge began an inquiry to determine a factual basis for the plea. The court observed: "I don't like to ask you this next question in the absence of counsel. I am getting to the factual basis and I would like him to be here." We concur in the undisputed assertions by the defendant that he had a right to the effective assistance of counsel and a right to have counsel present. We are not persuaded in the context of this entire record that that one observation connotes an absence of counsel at any critical stage so as to warrant a deprivation of this substantial and judicially protected right.

■■ Although the issue is not raised, we note that the probation in this case was conditioned upon a period of incarceration. Inasmuch as this case has not reached a final adjudication within the contemplation of the Unified Code of Corrections (see *People v. Lobb*, 9 Ill.App.3d 650, 292 N.E.2d 750) and inasmuch as the Code of Corrections does not now permit of conditioning probation upon a period of incarceration, such condition is vacated and the conviction is affirmed. (See *People v. Morrison*, 13 Ill.App.3d 652, 300 N.E.2d 325.) Judgment of conviction affirmed; sentence modified; and the cause remanded to the circuit court of Livingston County for the issuance of an order of probation in accordance with the views herein expressed.

Affirmed and remanded.

SMITH and TRAPP, JJ., concur.