THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEONARD RANDALL, Defendant-Appellant.

Third District   No. 76-343

Opinion filed October 11, 1977.

Robert Agostinelli and Mark W. Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Donald Knuckey, State's Attorney, of Lacon, for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:
Defendant Leonard Randall appeals from convictions entered on guilty

pleas to separate counts of burglary, criminal damage to property, and theft. As a result thereof, the Circuit Court of Marshall County imposed concurrent sentences of from 2 to 6 years in the penitentiary for each conviction.

On appeal in this court, it is asserted that the trial court erred in imposing the 2- to 6-year sentence of the defendant on the charge of criminal damage to property for the reason that it is a Class 4 felony and no such sentence is authorized.

Focusing our attention solely on the criminal damage to property charge as to which this appeal is taken, it is clear that the charge was simply, in this separate charge, that defendant had been guilty of criminal damage to property having a value in excess of $150 in violation of section 21—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 21—1(a)). That statutory section specifically provides that the offense is a Class 4 felony. Under section 5—8—1(b)(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 5—8—1(b), (c)), it is specifically provided that the permissible minimum sentence for a Class 4 felony is 1 year in the penitentiary, while the permissible maximum is any term of incarceration up to and including 3 years. Obviously the 2- to 6-year sentence imposed on the defendant in this case is beyond the permissible spread for a Class 4 felony of which the defendant was convicted. (See *People v. Howell* (4th Dist. 1973), 9 Ill. App. 3d 779, 293 N.E.2d 18.) We, therefore, believe that defendant's request that his sentence as to such charge be reduced be granted.

For the reasons stated, therefore, the term of imprisonment in Case No. 76-CF-41, upon which defendant was sentenced to a term of 2 to 6 years, is herewith expressly reduced to a term of 1 to 3 years, for the purpose of bringing such sentence within the authorized range of sentences for a Class 4 felony. Such modification of sentence shall become effective immediately.

Sentence modified.

STOUDER, P. J., and SCOTT, J., concur.