## The People of the State of Illinois, Appellee, v. Barney Cohen, Appellant.

### Gen. No. 14,539.

1. FALSE PRETENSES—*when information in prosecution for, insufficient.* An information in a prosecution for obtaining property by false pretenses is fatally defective if it does not charge that the false pretenses were made "with intent to cheat and defraud."

2. PLEADING—*when intent essential to be alleged.* An indictment or information is sufficient under the laws of this state where it states the offense in the language of the statute, but where the intent is mentioned in the statute as an element of the offense it ought to be alleged.

Information for obtaining money under false pretenses. Appeal from the Municipal Court of Chicago; the Hon. JOHN R. NEW-COMER, Judge, presiding. Heard in this court at the March term, 1908. Reversed. Opinion filed March 4, 1909.

JAMES TURNOCK, for appellant.

JOHN J. HEALY and CLIFFORD G. ROE, for appellees; Q. J. CHOTT, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Appellant, Barney Cohen, and the appellant William H. Herron in the next case, general number 14540, (*post* p. 396) were each prosecuted on separate informations for obtaining property by false pretenses. On a waiver of a trial by jury, the presiding judge found them guilty and sentenced each to pay a fine of

$25 and to serve a term of imprisonment in the county jail of thirty days and to pay the costs of the prosecution, from which judgment each prosecutes a separate appeal praying a reversal.

The evidence upon which the convictions followed is the same in each case.

Each of the informations charged that the defendants obtained certain goods from the Chicago Leather Mercantile Co., describing them in each case, by falsely representing that the defendant, William H. Herron, was "J. Wilson, a wealthy merchant from Texas, as the owner of department stores in Texas"; that said representations were false and so known to them to be false and untrue, "contrary to the form of the statute in such case made and provided". The statute so alleged to be violated is section 198, chapter 38 of Starr & Curtis's Ed. of the R. S., and reads in part: "Whoever, with intent to cheat and defraud another, designedly by color of any false token or writing, or by any false pretense, obtains the signature of any person to any written instrument, or obtains from any person any money, personal property or other valuable thing, shall be fined in any sum not exceeding $2,000 and imprisoned not exceeding one year.   *   *   *"

The information does not charge that the false pretenses were made "with intent to cheat and defraud". This was an essential element to constitute the crime under the statute. It was not waived by pleading and proceeding to trial. A motion in arrest of judgment was sufficient to preserve the right to object upon appeal. Judgment should have been arrested upon the motion to arrest. Pritchard v. People, 149 Ill. 50. There could be no lawful conviction under the information, which was fatally defective in failing to aver that the representations were made "with intent to cheat and defraud". The statute makes such averment necessary, and lacking it, no crime known to the law was stated as violated by defendant.

An indictment is sufficient under the laws of this State where it states the offense in the language of the statute, but where the intent is mentioned in the statute as an element of the offense, it ought to be alleged in the indictment.  McCullough v. People, 69 Ill. 601.  The same precision is as essential to an information as an indictment.

Cohen and Herron, in what they did at the store of the Chicago Leather Mercantile Co., and the talks they had with Samuel B. Panama, the secretary and treasurer of the company, were working in consort with and under the permission of the police department of Chicago.  They were in this particular instance employes of the police department, and were paid $50 for their blundering by the department. Cohen represented Herron to be a wealthy merchant from Texas, who was in Chicago to buy goods for several department stores which he was operating in Texas.  Cohen wanted a commission upon goods which might be sold to Herron on his introduction, which Panama agreed to pay him.  Surely, this was not an indictable offense either by the statute or by force of the common law, if such statements were untrue.  Panama was free to make his own inquiries and verify in the usual way Cohen's statements.  It seems that Cohen and Herron proceeded upon the theory that Panama had stolen property in the store of the Chicago Leather Mercantile Co., which they were offering for sale.  Acting in this supposed belief, they arranged with the police department to capture the goods and prosecute Panama as a receiver of stolen property, with guilty knowledge of its being stolen.  The police went so far as to seize some sealskins at the store of the Chicago Leather Mercantile Co.  However, upon an examination by the police, they discovered that there was no foundation for the suspicion that the sealskins were stolen, and the police at once returned them, and the services of Cohen and Herron were immediately dispensed with.  No criminal intent is inferable in the

396        APPELLATE COURTS OF ILLINOIS.

remotest degree from these facts. The only inference which can be reasonably indulged is, that Cohen and Herron were indifferent detectives, and the police department, in this particular case, was easily imposed upon.

The judgment of the Municipal Court is reversed.

*Reversed.*