People of the State of Illinois, Defendant in Error, v. Frank Dee, Plaintiff in Error.

Gen. No. 47,054.

First District, Third Division.

May 29, 1957.

Released for publication June 20, 1957.

Herbert M. Wetzel, of Chicago (Demetri M. Spiro, of Chicago, of counsel) for plaintiff in error.

Benjamin S. Adamowski, State's Attorney of Cook County (L. Louis Karton, and Rudolph L. Janega, Assistant State's Attorneys, of Chicago, of counsel) for defendant in error.

JUDGE KILEY delivered the opinion of the court.

Defendant Dee was convicted by a jury of fraudulently obtaining a heating unit valued at $1,000 by means of false pretenses in violation of the Criminal Code. (Par. 253, Chap. 38, Ill. Rev. Stat. 1953.) Writ of error issued to the Municipal Court of Chicago to review the judgment entered on the verdict.

Paragraph 253, Chapter 38, reads as follows:

"Whoever, with intent to cheat or defraud another, designedly by color of any false token or writing, or by any false pretense, obtains the signature of any person to any written instrument, or obtains from any person any money, personal property or other valuable thing, shall be fined . . . and imprisoned . . . ."

The information charges that Dee "did . . . unlawfully, willfully and fraudulently obtain from . . . Borg, Inc. . . . a Heating Unit . . . by means of, falsely representing . . . that he . . . was the owner of the building where the heating unit was installed, the said corporation relying and believing in the . . . representation and being deceived thereby, which said false pretenses were . . . made by the defendant with the design and for the purpose of cheating and defrauding."

■ Dee argues that the information is fatally defective in failing to allege intent. We disagree. This court in People v. Cohen, 147 Ill. App. 393, decided that an information drawn under the instant statute was void for failure to allege that the false representations were made "with intent to cheat and defraud." The abstract in that case discloses that Cohen was merely charged with obtaining goods by false repre-

sentations, and that Cohen knew their falsity when he made them. There is no doubt of the defect in that information. We presume the Cohen decision was written with knowledge of Gregg v. People, 98 Ill. App. 170, 174, where this court stated that an information sufficiently alleged intent by the words "with the design and for the purpose."

The Criminal Code provides that an indictment "shall be deemed sufficiently technical and correct" if stated in the language of the statute "or so plainly that the nature of the offense may be easily understood by the jury." (Par. 716, Chap. 38, Ill. Rev. Stat. 1953.) Webster defines intent as: "Law. The design or purpose to commit any wrongful act . . . ." (Webster's New International Dictionary, 2d ed.) The information charges Dee made the false representations "with the design and for the purpose." We think this allegation was sufficient to inform Dee of the charge against him in language understood by the jury to mean intent.

The judgment against Dee must be reversed, however, for prejudicial error in the trial. In the cross-examination of Dee he was asked, "What criminal cases do you have pending?" and "Are there any other cases against you?" An objection was sustained but a motion to withdraw a juror was denied, and the jury was not told to disregard the questions nor was the prosecutor admonished. Several witnesses were called by the state in rebuttal to testify to Dee's "bad reputation" for truth and veracity. Cross-examination of these witnesses disclosed that one had arrested him and was being sued by him for false arrest and that another had had Dee put in jail for six months following a verdict in a damage suit against Dee. On redirect examination this witness told how Dee had hit him "on the head," necessitating eighteen stitches. Another witness on cross-examination testified that Dee had been indicted. On redirect the witness told of

the circumstances of the indictment, indicating fraud in a building repair contract. A motion to withdraw a juror was again denied though the court told the jury to disregard the question and answer regarding the circumstances.

 There was no error in producing witnesses to offer evidence of his reputation for truth and veracity, since Dee had "voluntarily testified." (People v. Bakutis, 377 Ill. 386, 390.) The prejudice was in the nature of their testimony. The door was opened on cross-examination, but this does not remove the prejudice which was heightened by further questions on redirect. In our opinion, testimony of the reputation witnesses was highly inflammatory.

 The effect of the prosecutor's questions about cases pending against Dee, and of the testimony of Dee's assault upon a reputation witness and of the "circumstances" of the indictment of Dee, were likely to bring the focus of the jury on extraneous issues, prejudicial to Dee, and to influence the jury away from the issue on which Dee was being tried. (People v. Lewis, 313 Ill. 312, 319.) We think the result was an unfair trial.

For the reasons given, the judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.

FEINBERG, P. J., concurs.

LEWE, J., took no part.