**The People of the State of Illinois, Plaintiff-Appellee, v. Luther Harris, Jr., Defendant-Appellant.**

**Gen. No. 69–174.**

Fifth District.

August 28, 1970.

Gerald B. Cohn, Pratt, Mosele, Cohn & Day, of East Alton, and John Gitchoff, of Granite City, for appellant.

William J. Scott, Attorney General of State of Illinois, of Chicago, Thomas J. Immel and Robert E. Davison, Assistant Attorneys General, of Chicago (R. W. Griffith, State's Attorney of Madison County, of Edwardsville, of counsel), for appellee.

GOLDENHERSH, J.

Defendant, Luther Harris, Jr., was tried by jury in the Circuit Court of Madison County and convicted of the offense of Theft (c 38, § 16–1(d)(2), Ill Rev Stats 1967). The court denied defendant's post-trial motion, neither party offered testimony in aggravation and mitigation, and the defendant was placed on probation for three years, the initial six months to be served in the Illinois State Penal Farm at Vandalia.

As grounds for reversal defendant contends the court erred in admitting certain testimony of Sergeant Harold Ingram of the Wood River Police Department, and argues the testimony was hearsay, and therefore, inadmissible.

Over defendant's objection, Sergeant Ingram testified he had been told by the F.B.I. that "they had information that Luther Harris, Jr. of our city had a stolen 1966 black over white Cadillac . . . and . . . the F.B.I. wanted to have Luther Harris picked up for violation of the Dyer Act." The People argue the court did not err in its ruling.

██ ██ Defendant did not contest the validity of the arrest and there was no motion to suppress evidence either prior to or during trial. The fact that an arrest is invalid does not affect the jurisdiction of the court. The People v. Bliss, 44 Ill2d 363, 255 NE2d 405. It appears, therefore, that the testimony was not material to any issue in the case, and its admission was error.

Having concluded the testimony was improperly admitted, it becomes necessary to determine whether the error was so prejudicial as to require reversal. The record shows conclusively that defendant had the automobile in his possession, that it had been stolen from an automobile dealer in Columbia, Missouri, and its appearance had been altered by the addition of a black vinyl top. Defendant testified he had purchased it from a Jack Wilson, whom he had initially met at an auto auction and who had no established place of business; he had paid Wilson $1,000 down and was to pay the balance in 18 monthly payments, but had made no payments because he could not find Wilson. Admittedly he had no certificate of title, and had put license plates on the vehicle which were issued for another car.

The record shows the court admonished the jury that the testimony to which defendant objected was admitted for the sole purpose of showing why the arrest was made, and was not to be considered as evidence of defendant's

guilt or innocence, but in our opinion this did not serve to obviate the prejudicial effect of the hearsay testimony.

■ The "Dyer Act" (18 USCA 2312) is widely known to laymen by its popular name as prohibiting the transportation of a stolen vehicle in interstate commerce. We question whether it is common knowledge in lay circles that an element of the offense is knowledge that the vehicle is stolen. In our opinion, the admission of the testimony that the F.B.I. wanted defendant picked up for violation of the Dyer Act, thus imputing to defendant the violation of a federal statute with which he is not charged, and under which specific knowledge is a requisite element, was so prejudicial as to require reversal of the judgment and remandment for a new trial.

In his brief, defendant has raised several issues which might possibly arise upon retrial.

■ Defendant argues that his trial counsel was incompetent, and as a result he was denied due process of law. Specifically, he complains of counsel's failure to file a motion to suppress. The exhibits are not abstracted and are not contained in the record on appeal. The transcript of the proceedings at the trial shows that defendant identified and testified concerning The People's Exhibits 1 and 2 in his direct examination. In our opinion the failure to move to suppress resulted not from counsel's incompetence, but trial strategy and the record fails to reveal incompetence of counsel, People v. Washington, 41 Ill2d 16, 241 NE2d 425.

Defendant also contends his constitutional rights were violated because of an alleged failure by the police to give a Miranda warning prior to questioning him (Miranda v. State of Arizona, 384 US 436, 86 S Ct 1602). Defendant does not say how this prejudiced him, and, since he made no confession or other incriminating statement, Miranda is not applicable.

259

■ Defendant next contends prejudicial error was committed when the trial court refused to give his tendered Instruction No. 5 in the form of IPI, Criminal, 3.02, and including the paragraph which reads: "You should not find the defendant guilty unless the facts and circumstances proved exclude every reasonable theory of innocence." The court gave, over defendant's objection, The People's Instruction No. 5 which contained only the first paragraph of IPI, Criminal, 3.02. The Committee Note following IPI, Criminal, 3.02, suggests the second paragraph be used only when the proof of guilt is entirely circumstantial, the record contains much evidence which is not circumstantial in nature, and the court did not err in its rulings on the instructions.

■ Defendant makes a number of contentions with respect to The People's examination and cross-examination of witnesses, and the final argument of the prosecutor, arguing that they so exceeded the bounds of fairness as to deprive him of a fair trial. We have examined the record and do not discuss the contentions for the reason that the matters of which defendant complains are not likely to recur upon retrial.

For the foregoing reasons, the judgment of the Circuit Court of Madison County is reversed and the cause remanded for a new trial.

Judgment reversed and cause remanded for a new trial.

MORAN and EBERSPACHER, JJ., concur.