THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ROGER LENTZ, Defendant-Appellee.

(No. 72-63; )

Second District—October 26, 1972.

William V. Hopf, State's Attorney, of Wheaton, (Ralph J. Gust, Jr., and Malcolm F. Smith, Assistant State's Attorneys, of counsel,) for the People.

Frank Wesolowski, Jr., Public Defender, of Wheaton, (Robert H. Heise, Deputy Public Defender, of counsel,) for appellee.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

On December 16, 1971, the defendant, Roger L. Lentz, was indicted by the grand jury of Du Page County for the crime of theft. On December 23, Lentz filed a motion requesting that the State be ordered to furnish him a transcript of all the grand jury testimony of persons that the State intended to call as witnesses at the trial. That motion was brought pursuant to Rule 412 of the new Supreme Court Rules effective October 1, 1971. Ill. Rev. Stat. ch. 110A, par. 412.

It was stipulated by the State that there was no record made of the grand jury proceedings nor was a reporter present and it was, therefore, unable to produce a transcript. The trial court then dismissed the indictment on the grounds that the new rule required the State to make a transcript available and this appeal followed.

The pertinent section of the new rule is as follows:

"412. [Supreme Court Rule 412]. Disclosure to Accused

(a) Except as is otherwise provided in these rules as to matters not subject to disclosure and protective orders, the State shall, upon written motion of defense counsel, disclose to defense counsel the following material and information within its possession or control: * * * (iii) a transcript of those portions of grand jury minutes containing testimony of the accused and relevant testimony of persons whom the prosecuting attorney intends to call as witnesses at the hearing or trial."

The Committee Comments to the new rules include the statement that "Paragraph (a), subparagraph (iii), adopts the A.B.A. Standard for production of grand jury minutes. In terms of Illinois practice, it makes mandatory disclosure of what is now discretionary under the second sentence of section 112—6(b) of the Code of Criminal Procedure."

Section 112—6(b) of the Code provides, in part, as follows:

"112—6. Secrecy of Proceedings

(a) Only the State's Attorney, his reporter and any other person authorized by the court may attend the sessions of the Grand Jury. Only the grand jurors shall be present during the deliberations and vote of the Grand Jury. If no reporter is assigned by the State's Attorney to attend the sessions of the Grand Jury, the court, on petition of the foreman and 11 other grand jurors, may for good cause appoint such reporter.

(b) Matters other than deliberations and vote of any grand

juror may be disclosed by the State's Attorney solely in the performance of his duties. Matters occurring before the Grand Jury other than the deliberations and vote of any grand juror may be disclosed when the court, preliminary to or in connection with a judicial proceeding, directs such in the interests of justice."

In the case of the *People v. Johnson,* 31 Ill.2d 602, our Supreme Court extended to grand jury minutes the rule of *People v. Wolff,* 19 Ill.2d 318, and *People v. Moses,* 11 Ill.2d 84, that statements of prosecution witnesses in possession and control of the State must be made available, on proper showing, to the defense for purposes of impeachment during trial.

In the case of the *People v. Aughinbaugh,* 36 Ill.2d 320, defense counsel requested the minutes relating to the testimony of two witnesses before the grand jury at the conclusion of their testimony during trial. The State indicated that no transcript was available and the motion was denied. On appeal, the Supreme Court, at page 324, said as follows:

"The law, so far as we are aware, does not require that the testimony of witnesses before a grand jury be recorded. Section 112—6 of the Code of Criminal Procedure (Ill. Rev. Stat. 1965, chap. 38, par. 112—6) allows, but does not compel, court appointmen of a reporter to attend sessions of a grand jury if the State's attorney does not assign one. Johnson does not deal with this aspect of the question. Since there is no absolute requirement, constitutional or otherwise, that testimony before a grand jury be recorded, there may well be many cases in which no record exists."

The court went on to hold that if grand jury testimony had been recorded and previously transcribed, it should be available to the defense during trial, upon proper demand, in accordance with and for the purposes set forth in the *Johnson, Wolff* and *Moses* decisions.

We considered the same problem in the case of the *People v. Colletti,* 101 Ill.App.2d 51, 58, 242 N.E.2d 63. In that case, the defense moved for production of grand jury minutes prior to trial and the State indicated that no court reporter had been present. The defense then made an offer of proof to show that the State deliberately did not use a court reporter to deprive the defense access to grand jury testimony for the legitimate purpose of impeachment. We held that it was clear that the State had no duty to insure the recordation of grand jury testimony and that the motive of the prosecution was immaterial.

As pointed out in the committee comments, section 412(a)(iii) clearly requires the State to furnish an accused a transcript of pertinent grand jury testimony upon written motion if a transcript is in fact available.

The defendant contends that the Rule also requires the State to see that a reporter is present to assure the availability of a transcript, if properly requested, since the presence of the reporter is within their "control". We do not agree.

The Supreme Court was obviously aware of its own ruling in the *Aughinbaugh* case and similar decisions of this and other courts that the State has no duty to have a reporter present at sessions of a grand jury at the time the new rules were adopted. If the court intended to change the law in this respect, it could easily have included an express provision to that effect. As further pointed out in the committee comments, it was intended that the new rule would implement disclosure as "a matter of course, and without time-consuming recourse to the courts.'" To that end, the rule provides that the State furnish to an accused those matters previously available at the discretion of, and hence subject to a specific request to, the court. Grand jury minutes, if transcribed, previously available at the discretion of the court under the *Johnson* case, are now available automatically upon proper motion. The rule does not, however, even by implication, require the State to see that a record of testimony before a grand jury be made and available for later use by an accused.

In view of the decision in the *Aughinbaugh* and other cases, it is our determination that the State does not have a duty, under the new rules, to insure that testimony of witnesses before a grand jury be recorded. Therefore, we conclude that the dismissal of the indictment was in error and must be reversed.

Judgment reversed.

T. MORAN and GUILD, JJ., concur.