THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONALD JOSEPH EMBRY, Defendant-Appellant.

(No. 73-38;

Fifth District—June 4, 1973.

Henry G. Walker, of Carmi, for appellant.

Albert W. McCallister, State's Attorney, of Carmi, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

In a bench trial in the circuit court of White County defendant, Donald Joseph Embry, was convicted of burglary, possession of burglary tools and criminal damage to property. His contentions in this appeal

relate to an interpretation of the disclosure rules under Supreme Court Rule 412, the refusal of the State to furnish him with a transcript of the grand jury minutes, an alleged unlawful search and seizure, and the question whether a telephone booth constitutes a "building" within the meaning of the burglary statute.

The following is a summary of the facts taken from the State's evidence, as defendant chose not to testify or offer any other evidence. About 3:45 A.M. on September 22, 1970, a state trooper saw two unidentifiable men run from a pay telephone booth, jump in a car, and drive away at a high rate of speed. The trooper gave chase for five or six miles until he came upon the car, stopped in the highway with its lights still on, but abandoned. A wrecker was called to take the car to a garage in Carmi and a search was started for the men. Later that same morning defendant and a companion were taken into custody and fully advised of their rights. After obtaining consent from defendant, and also obtaining a search warrant, the car was searched and a number of tools were found including pullers designed to pull off locks, lock picks, and a number of coin-box keys. Later a coin-box lid was found along the highway but the coin box itself was never located.

A state policeman testified that the telephone booth was a metal-type building with glass windows which was bolted to a concrete base. The telephone had been rifled and the coin box removed. This witness also testified, as did the sheriff, that defendant admitted being in the phone booth when he saw the car coming, that he and his companion jumped in their car and took off. They threw away the coin box enroute and finally abandoned the car when it looked as if the car chasing them was catching up. Defendant also explained to these witnesses, and to a telephone company investigator, how the pullers were designed to pull locks off telephone boxes, and how another T wrench was designed to open semi-trailer trucks.

Almost one year prior to trial defendant filed a motion for discovery requesting, among other things, the contents of all oral statements made by defendant and by witnesses known to the State's Attorney, and a transcript of the grand jury minutes. One month later the State's Attorney likewise filed a motion for discovery under Supreme Court Rule 413. Apparently neither party ever complied with the other's request although defendant does admit that about five minutes before the trial the State did furnish him with copies of witnesses' statements containing statements allegedly made by defendant.

Defendant argues that Supreme Court Rule 412 (d) requires the State to make disclosure as soon as practicable following the filing of his motion, and that by reason of the failure of the State to do so he is

entitled to a new trial. The State answers that the mere filing of a motion without a court order granting the request is insufficient to compel compliance. We cannot agree with either of these contentions.

■■ Supreme Court Rule 412 (Ill. Rev. Stat., ch. 110A, sec. 412) was adopted and became effective October 1, 1971, and there appear to be no precedents interpreting its application to the question before us. However, the rule itself is clear, and the Committee Comments explicit, in answering both questions posed. The rule states that "* * * the State shall, upon written motion of defense counsel, disclose to defense counsel the following material and information within its possession and control * * *". Following thereon are detailed items subject to disclosure among which are the substance of any oral statements made by the accused and a list of witnesses to the making of such statements. The rule does not require that the motion be acted upon by the court for the reason, as explained in the Committee Comments, that "* * * (I) it is intended that the disclosure * * * be implemented as a matter of course, and without time-consuming recourse to the courts." The Comments go on further to say that the rule requires a specific request for disclosure because in many cases discovery may be neither necessary nor wanted and that, therefore, the choice of discovery or no discovery is left to the discretion of defense counsel rather than making it automatic. Further buttressing the conclusion that a court order to compel disclosure is not originally required is Rule 415(g). This rule specifically states that if at any time it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule, "* * * the court may * * * grant a continuance, exclude such evidence or enter such other order as it deems just under the circumstances * * *".

■■ It appears obvious to us that the rule is intended to make disclosure to the accused, and to the prosecution, as easily obtainable as possible for the purpose of promoting the ascertainment of truth in the quest for fairness and justice. Here both parties saw fit to make the initial request for disclosure but neither party became exercised over the other party's failure to comply. Had defendant desired to insist upon his right of disclosure, redress was available to him in the form of a request to the court for an order of compliance, for a continuance, or even for an exclusion of such evidence. (Supreme Court Rule 415(g).) We find that the failure of defendant to seek such redress constitutes a waiver of his right to disclosure the same as if he had not asked for it in the first place, and, having failed to give the court an opportunity to rule prior to commencement of trial, he cannot be heard to complain for the first time in his motion for a new trial.

■ Defendant contends next that the above rule (par. 412(a)(iii),)

requires the State to record grand jury testimony in every instance so that it may be available later at the request of the accused. This identical question was considered in *People v. Lentz*, 8 Ill.App.3d 41, 288 N.E.2d 653, and it was there held the rule contemplates that a transcript of such testimony must be furnished, if available, but it does not require the State to see that a reporter is present to assure the availability of the transcript. We agree with that conclusion and the reasoning upon which it was based.

■■ We also find no merit to defendant's argument that the search of the car was unlawful. He contends that even though the police testified that a search warrant was issued the warrant itself was not produced and the record contained no order for its issuance. However, wholly apart from this issue it is undisputed that defendant and his companion jumped from the car and ran to avoid capture. As stated in *People v. Jones*, 38 Ill.2d 427, 231 N.E.2d 580, this act constituted an abandonment of both the car and its contents and, having thus been discarded, they were properly seized, examined and admitted into evidence. In addition, there is evidence that the defendant consented to the search.

■■ Finally, defendant contends that a telephone booth is not a "building" within the meaning of the burglary statute. (Ill. Rev. Stat., ch. 38, sec. 19—1.) This question was previously considered in *People v. Borneman*, 66 Ill.App.2d 251, and we reiterate the finding that a telephone booth of the type described in that case and in the record now before us constiutes a "building" as that word is used in said statute.

■■ The trial court in granting probation in this case provided that defendant should serve the first nine months at the Illinois State Farm. Under the New Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, sec. 1005—6—3), the nine month sentence is no longer permitted as a part of probation. The nine month sentence as a provision of probation is removed and otherwise the judgment of the circuit court of White County is affirmed.

Affirmed as modified.

EBERSPACHER, P. J., and G. MORAN, J., concur.