THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
AARON WILLIAMS, Defendant-Appellant.

First District (3rd Division)    No. 78-1312

Opinion filed December 10, 1980.

James J. Doherty, Anthony F. Rusnak, and James Rhodes, all of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Joel A. Eisenstein, and Mark S. Komessar, Assistant State's Attorneys, of counsel), for the People.

Miss PRESIDING JUSTICE McGILLICUDDY delivered the opinion of the court:

Aaron Williams, the defendant, was indicted for the offenses of rape, deviate sexual assault, armed robbery and attempt murder. Following a bench trial he was found not guilty of rape, guilty of the remaining offenses and was sentenced to serve concurrent 20-year terms for each of the offenses. On appeal, the defendant contends that he was denied due process and a fair trial because the State failed to disclose information

pertaining to a pretrial photographic identification display in which the defendant was identified by the complainant. The defendant argues that the State's failure to fully comply with his timely request for this information entitles him to a reversal of his conviction and a new trial.

Since the issue raised in the defendant's appeal is limited to the matter of the pretrial photographic identification, we will state only the facts required for the discussion of this issue.

The defendant filed a pretrial motion for discovery, pursuant to Supreme Court Rule 412 (Ill. Rev. Stat. 1977, ch. 110A, par. 412) on April 13, 1978. Included in this request for disclosure and production was the following:

"13. That names and addresses of the witnesses the State intends to call at the time of trial for identification of the defendant as the perpetrator of the crime including:

(a) time, date and place of identification confrontations

(b) if photographic identification was used, production of any photo used, whether of defendant or of other persons;

(c) all persons present at such viewing;

(d) any pictures taken of lineup, etc.,

(e) names of any individual who confronted the accused and made no identification or identified him for other crimes."

In addition, the defendant requested any exculpatory evidence favorable to him. The State's response to the discovery motion referred the defendant to the State's list of witnesses as well as to police reports for circumstances of the identification of the defendant. A full set of police reports was turned over to the defense counsel. It is undisputed that none of the documents contained information pertaining to the complainant's photographic identification of the defendant.

The defendant contends that until trial during cross-examination of the complainant and police officer Ray Luth, he did not become aware of the fact that six days before the lineup identification the complainant had identified him from a photographic display at her home. The record supports this contention. As stated above, neither the State's "Answer to Discovery" nor the police reports supplied to the defendant contained any reference to the photographic identification. The State had not presented evidence of that identification during its case-in-chief, and the prosecutor admitted during post-trial arguments that he was not aware of that identification until the complainant was cross-examined.

At trial the complainant described the attack on the night of April 15, 1977, and identified the defendant as her assailant. She also testified that she identified the defendant at a lineup nine months after the attack. During the complainant's cross-examination, she testified that a police

officer brought a picture of the defendant to her house prior to her lineup identification. She said she identified the person in the picture as her assailant. The cross-examination regarding the photographic display was very brief. There was no redirect examination by the prosecution.

The only other testimony regarding the complainant's photographic identification of the defendant occurred during cross-examination of Chicago Police Officer Ray Luth by the defense. Officer Luth testified that another officer showed the complainant a picture of the defendant on January 20, 1978, nine months after the attack and six days prior to the lineup. After this cross-examination, the prosecution rested and the defendant made a motion for directed finding arguing that the State had not met its burden as to the identification of the assailant. This motion was denied. The defense presented one witness, and the defendant was convicted.

Prior to sentencing the defendant filed a post-trial motion for a new trial arguing that he had been denied due process because, during pretrial discovery, the State did not disclose information pertaining to the complainant's photographic identification of the defendant. The trial court denied this motion because the defendant did not object during trial or seek a continuance upon discovering the new information.

■■ We find that the trial court's rejection of the defendant's post-trial motion was proper. Upon discovering that the State failed to disclose requested information, the defendant must take affirmative action by seeking a continuance to determine the effect of the newly discovered information or by requesting that appropriate sanctions be levied against the prosecution. (See *People v. Green* (1976), 42 Ill. App. 3d 978, 356 N.E.2d 947; *People v. Bracy* (1973), 14 Ill. App. 3d 495, 302 N.E.2d 747; Ill. Rev. Stat. 1977, ch. 110A, par. 415(g).) If the defendant does not act and instead allows his trial to continue, the defendant cannot be heard to complain for the first time in his motion for a new trial. *People v. Embry* (1973), 12 Ill. App. 3d 332, 297 N.E.2d 604.

■■ In the case at bar the defendant's attorney discovered during his cross-examination of the complainant that she had made a photographic identification of the defendant six days prior to the lineup identification. The questioning in this regard was very brief, and the defendant did not seek sanctions against the State at that time. The defense again did not seek redress when Officer Luth confirmed the existence of the photographic identification. The defendant did not argue that the State's nondisclosure denied him due process and a fair trial until he presented his post-trial motion for a new trial. Thus, we feel the defendant has waived his right to challenge the discovery violation.

We also reject the defendant's argument on a substantive basis. A violation of due process occurs when a prosecutor, regardless of motive,

suppresses evidence material to the question of the accused's guilt or innocence after there has been a request for its production. (*Brady v. Maryland* (1963), 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194.) To prove there has been a violation it must be shown that the evidence was suppressed following a request for it by the defendant and that the evidence was favorable to the defendant and material either to guilt or to punishment. (*Moore v. Illinois* (1972), 408 U.S. 786, 33 L. Ed. 2d 706, 92 S. Ct. 2562; *People v. Nichols* (1976), 63 Ill. 2d 443, 349 N.E.2d 40; *People v. Hovanec* (1979), 76 Ill. App. 3d 401, 394 N.E.2d 1340.) Materiality in a constitutional sense is not the mere possibility that the undisclosed information might have helped the defense or affected the outcome of the trial. Rather, the omitted evidence is material if, when evaluated in the context of the entire record, it creates a reasonable doubt of the defendant's guilt. *United States v. Agurs* (1976), 427 U.S. 97, 49 L. Ed. 2d 342, 96 S. Ct. 2392; *People v. Abendroth* (1977), 52 Ill. App. 3d 359, 367 N.E.2d 571.

We have reviewed the record on appeal and are convinced that the defendant has been proven guilty beyond a reasonable doubt. It is undisputed that the defendant's convictions were based on the in-court and lineup identifications by the complaining witness. While we do not concede that the photographic display in the instant case was unduly suggestive, since the evidence in this regard was minimal and incomplete, we believe that the complainant's in-court identification of the defendant was admissible evidence to prove the defendant's guilt beyond a reasonable doubt.[1]

Despite arguably improper pretrial identification procedures, an in-court identification is admissible when it is shown by clear and convincing evidence that the in-court identification is based on an observation of the defendant other than during the alleged improper procedures. (*People v. Witted* (1979), 79 Ill. App. 3d 156, 398 N.E.2d 68.) The in-court identification in the instant case is admissible because it was of an independent origin—the complainant's view of the defendant at the time of the attack. The complainant testified that on the night of the attack she was walking west on 63d Street, and as she approached the corner of 63d and Wood Streets she noticed the defendant standing at a bus stop. As she crossed the intersection she was told to stop. She turned and saw the defendant standing two feet from her with a gun pointed toward her. The gun was pressed against her neck as she was told to walk toward a tree a short distance away. When she reached the tree, she again turned and

---

[1] For purposes of this opinion, we feel it is not necessary to determine whether the complainant's lineup identification was admissible since her identification of the defendant at trial was admissible, credible and sufficient to support a guilty verdict. See *People v. Connolly* (1973), 55 Ill. 2d 421, 303 N.E.2d 409.

faced her assailant. He asked her for money and was told she had $1.70. Her assailant then told her to walk toward an alley as he walked to the side and in back of her pointing the gun behind her ear. When they reached the alley the complainant was pushed toward a gangway five or six feet away. At the gangway entrance she stopped and again looked at the defendant who was right next to her, no more than six inches away. A streetlight was directly overhead, and throughout this time period the complainant wore her eyeglasses.

■■ The complainant's testimony shows that she had more than ample time to view her assailant. Thus, her in-court identification of the defendant had an origin independent of the photographic display of the defendant's picture and should not have been suppressed by the trial court, even assuming the defendant could have shown that the prior undisclosed photographic identification was improper and unreliable. Since there is no reasonable doubt as to the defendant's guilt, whether or not the additional evidence discovered by the defendant is considered, this evidence is not material to the defendant's convictions and there is no justification for a new trial.

Accordingly, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

McNAMARA and RIZZI, JJ., concur.