JUSTICE HARTMAN
 

 delivered the opinion of the court:
 

 A jury found defendant guilty of armed violence, armed robbery and rape. He was sentenced to 10 years for armed robbery to be served concurrently with a sentence of 18 years for rape. No judgment and sentence were entered for armed violence. Defendant appeals, contending that certain evidence was improperly and prejudicially admitted.
 

 On April 10, 1981, just after 12:17 p.m., the victim, returning to her car parked in a well-lit Oak Park garage, opened her car door, manually turned on the dome light, and sat down in the driver’s seat. Defendant forced her into the passenger seat of the car at knife point and took $10 from her. She described the knife as having a yellow plastic handle and resembling a barber’s razor. He then forced her onto the floor of the back seat at knife point and raped her. He ordered her to remain on the floor and thereafter fled. The victim waited. She heard keys rattle and a car drive off with a loud or broken muffler sound. With the help of a passerby she went to a nearby hospital for treatment. Oak Park police investigators spoke with her at the hospital regarding the crime, but were unable to secure from her a detailed description of her assailant. They showed her seven photographs, but she did not recognize her assailant among them.
 

 That evening at her home, the victim was visited by a police artist who attempted to draw a composite sketch of the assailant based upon her description, but he was unable to do so. The officer departed and made no report of his visit. There is no record indication that the victim and police officer discussed the rape.
 

 The next day, April 11, 1981, a police officer stopped defendant’s car as matching the description of an auto reportedly driven by a Vincent Goka, who was wanted on an outstanding Texas rape warrant. The officer arrested defendant and upon arrival of additional officers, a yellow handled knife resembling that described by the victim was removed from the front seat of defendant’s car. That same afternoon, while defendant was in custody, the victim was again visited by police officers who showed her a new array of photographs, including defendant’s. She tentatively identified defendant’s picture and requested to see him in person.
 

 The next day, the victim identified defendant in a police lineup. Thereafter she was taken to the police garage where she listened to the sound of defendant’s car and identified it as similar to the sound of the car she heard leaving the parking garage immediately following the rape.
 

 On October 8, 1981, defendant’s motions to suppress both the lineup identification and the knife seized from his car were denied.
 

 On March 10, 1982, defendant presented two pretrial motions in limine. The first attempted to bar testimony regarding the details of defendant’s arrest on the outstanding warrant based on rape charges in Texas. The court agreed to preclude testimony as to the nature of the warrant but allowed testimony to the effect that the arrest was based on a warrant. The second motion, which attempted to bar introduction of the evidence of the sound of defendant’s car, was denied.
 

 At the trial, the victim made an in-court identification of defendant. During cross-examination, she reported the police artist’s visit to her home. This was defendant’s first knowledge of the visit and he moved for a mistrial, which was denied.
 

 A police officer testified regarding the victim’s identification of defendant in a police lineup. A second officer testified about the arrest of defendant on the outstanding warrant, and a third officer testified about the recovery of the yellow handled knife from defendant’s car. On cross-examination of another officer, defendant learned of a police report made on the arrest of another suspect in the case. Defendant had not been provided a copy of the report by the State and again moved for a mistrial, which was denied.
 

 Defendant testified that he is a registered nurse, is married and has five children. He was not working on the day of the assault and, at noon, he was at home in Oak Park. At 12:30 p.m. he drove to downtown Chicago with his wife and baby. At about 1 p.m. or 1:30 p.m. he picked up his paycheck downtown from his employer. He denied knowledge of or participation in the rape.
 

 Louise Heads, staffing coordinator of defendant’s employer, testified that on the day of the assault, at about 1:30 or 1:35 p.m. defendant was in their downtown Chicago office picking up his paycheck. She did not know where defendant had been at 12:30 p.m. that day.
 

 The jury returned the verdicts of guilt first noted above.
 

 In this appeal, defendant challenges: (1) the lineup identification; (2) seizure of the knife; (3) evidence of defendant’s arrest on the outstanding Texas warrant; (4) the victim’s testimony concerning the sound of his auto; and, (5) failure to grant a mistrial following the presentation at trial of witnesses and evidence not produced by the State in response to discovery demands.
 

 I
 

 Defendant argues that the photo identification procedure used prior to the lineup identification was impermissible because defendant was already in custody; that there were no extenuating circumstances justifying such a procedure; and that the photo identification resulted in substantial prejudice to him. Defendant failed to raise this issue in his post-trial motion and it is therefore waived for purposes of review. (People v. Hebein (1982), 111 Ill. App. 3d 830, 842-43, 444 N.E.2d 782.) Nor does it fall under the plain error rule (People v. Smith (1981), 93 Ill. App. 3d 26, 416 N.E.2d 814), since the lineup identification was not so substantially erroneous as to require consideration. People v. Hebein (1982), 111 Ill. App. 3d 830, 444 N.E.2d 782.
 

 Assuming, arguendo, that the objection had been properly preserved, it is groundless. Photographic identifications conducted while a defendant is in custody do not taint subsequent lineup identifications where the photos were not so impermissibly suggestive as to give rise to the substantial likelihood of irreparable misidentification. (People v. Brown (1972), 52 Ill. 2d 94, 100, 285 N.E.2d 1.) The photo identification here was not impermissibly suggestive. There is no hint in the record suggesting that defendant’s photo portrayed him in a suggestive manner or that the officers influenced the victim in any way. Neither were the lineup procedures suggestive in any manner. The victim was not told that the man she had identified by photo would be in the lineup.
 

 Prelineup photographic identifications are also permissible under extenuating circumstances. (People v. Williams (1975), 60 Ill. 2d 1, 9, 322 N.E.2d 819; People v. Thompson (1981), 93 Ill. App. 3d 995, 418 N.E.2d 112.) The circuit court here considered the victim to have been in a traumatic state; that she was sedated for that condition; and that her ability to attend the lineup was questionable. The circumstances were sufficiently extenuating so as to justify the use of prelineup photographs in this instance.
 

 We also note that the victim had ample opportunity to view defendant: the parking garage was well lighted; the car’s dome light was on; and defendant was within 14 inches of the victim during their initial conversation. Even if the photo identification had tainted the lineup, the courtroom identification had an independent basis and was therefore valid. People v. Brown (1972), 52 Ill. 2d 94, 285 N.E.2d 1.
 

 II
 

 Defendant next contends that because the police lacked probable cause to search his car after his arrest, the denial of his motion to suppress the knife constitutes reversible error. This issue also was not raised in defendant’s post-trial motion; his contentions will be considered, however, for the purpose of determining whether or not to apply the plain error rule to these circumstances. People v. Lieberman (1982), 107 Ill. App. 3d 949, 954, 438 N.E.2d 516; People v. McMillan (1970), 130 Ill. App. 2d 633, 264 N.E.2d 554.
 

 Defendant claims that there was no probable cause for the search because he was not engaged in illegal activity at the time he was stopped. He also asserts that an arrest based on an outstanding foreign warrant is akin to a traffic violation which is insufficient probable cause for a search and, alternatively, that even construed as a valid custodial arrest, justification for the search was still lacking. Defendant maintains that a search incident to an arrest is justified only when it is necessary to protect the officer, discover fruit of the crime, or prevent the offender from escaping, citing People v. Watkins (1960), 19 Ill. 2d 11, 18-19, 166 N.E.2d 433.
 

 In New York v. Belton (1981), 453 U.S. 454, 69 L. Ed. 2d 768, 101 S. Ct. 2860, a police officer stopped a car for speeding. While determining who owned the car, the officer smelled burnt marijuana and saw on the car floor an envelope containing marijuana. The officer directed the occupants out of the car, arrested them, seized the envelope of marijuana and searched Belton’s jacket. The Supreme Court held that the search of the jacket was valid because an officer making a lawful custodial arrest of an auto’s occupant may conduct a search incident to the arrest of the auto’s passenger compartment. (453 U.S. 454, 460, 69 L. Ed. 2d 768, 774-75, 101 S. Ct. 2860, 2864.) In the present case, defendant was arrested pursuant to a valid warrant. Therefore, the search of his car was proper as incident to his arrest.
 

 In addition to grounds set forth in New York v. Belton (1981), 453 U.S. 454, 69 L. Ed. 2d 768, 101 S. Ct. 2860, the knife seized was lying on the front seat of defendant’s car in plain view. A police officer observing its shape and yellow handle recalled its similarity to the description of the knife used in the commission of the instant crime. Probable cause therefore existed for belief that the knife constituted evidence of its use in a criminal activity (People v. Tate (1967), 38 Ill. 2d 184, 187, 230 N.E.2d 697) and was, therefore, subject to seizure. In Texas v. Brown (1983), 460 U.S. 730, 75 L. Ed. 2d 502, 103 S. Ct. 1535, Brown was stopped by an officer for a routine driver’s license check. While asking for Brown’s license, the officer noticed a knotted balloon, resembling a narcotics package, on the front seat of the car. The officer looked further and noticed small vials in the open glove compartment. The officer’s seizure of the balloon was upheld by the Supreme Court which concluded that the checkpoint was a lawful intrusion, the officer possessed probable cause to believe the balloon contained illicit substances, and the officer did not know in advance that the car contained contraband. (460 U.S. 730, 741-42, 75 L. Ed. 2d 502, 513-14, 103 S. Ct. 1535, 1542-43.) The record before us indicates that defendant was lawfully stopped because of the outstanding warrant; the officer did not know in advance that the knife was in the car; and, when he saw it, he suspected it might have been used in the rape on the previous day. We find no error in admitting the knife.
 

 Ill
 

 Defendant urges that the circuit court committed reversible error by allowing testimony concerning defendant’s arrest on the outstanding warrant. He maintains that the testimony was prejudicial and unrelated to the crime for which he was tried since evidence of the warrant was not related to the rape charges nor used to prove an element of the present offense. He cites cases in which evidence of collateral crimes were found to prejudice the accused, resulting in new trials. (People v. Harges (1967), 87 Ill. App. 2d 376, 231 N.E.2d 650; People v. Dee (1957), 14 Ill. App. 2d 96, 142 N.E.2d 811; People v. Harris (1970), 128 Ill. App. 2d 256, 262 N.E.2d 99.) Defendant concludes that even though the jury could have inferred numerous prejudicial circumstances from the testimony of the warrant, the trial court did not remedy the problem by instructing the jurors to disregard the testimony. We disagree.
 

 Whether a motion in limine to exclude evidence should be granted or denied is within the discretion of the circuit court. (People v. Van Riper (1970), 127 Ill. App. 2d 394, 398, 262 N.E.2d 141, cert, denied (1971), 403 U.S. 918, 29 L. Ed. 2d 695, 91 S. Ct. 2228.) The circuit court exercised proper discretion in permitting testimony regarding the existence of the warrant, while precluding testimony as to its nature, since it was relevant in describing the consequential steps taken in the police investigation. (People v. Guyon (1983), 117 Ill. App. 3d 522, 534, 453 N.E.2d 849.) Evidence of prior crimes is admissible if it explains the circumstances surrounding defendant’s arrest and is part of a continuing narrative. (People v. Young (1983), 118 Ill. App. 3d 803.) Where, as here, evidence is relevant and otherwise admissible, it may not be excluded because it may also tend to prejudice an accused. (People v. Hariston (1970), 46 Ill. 2d 348, 372, 263 N.E.2d 840, cert, denied (1971), 402 U.S. 972, 29 L. Ed. 2d 136, 91 S. Ct. 1658.) The circuit court in the case before us eliminated potential prejudice to defendant by excluding testimony that the basis for the outstanding warrant involved other rape charges in Texas. Cf. People v. Harris (1970), 128 Ill. App. 2d 256, 262 N.E.2d 99.
 

 IV
 

 Prior to trial, defendant’s motion to bar the victim’s testimony comparing the sound of the loud muffler of his car to that heard in the garage shortly after the rape was denied. Defendant contends that admitting the evidence is reversible error because it was neither competent nor relevant in the absence of evidence that the victim’s assailant left the garage in an auto. Defendant also claims that the procedure used was highly suggestive since the victim listened to the car immediately following her identification of him in the lineup. Defendant also claims that a loud sounding car is not so unusual that it is relevant in connecting him with a crime.
 

 Evidence having any tendency to make the existence of a consequential fact or issue more or less probable than without the evidence is relevant and admissible. (People v. Monroe (1977), 66 Ill. 2d 317, 322, 362 N.E.2d 295, 297; People v. Allen (1959), 17 Ill. 2d 55, 63, 160 N.E.2d 818, 824.) A lay witness may testify to physical and natural facts capable of sensory perception (People v. Carbona (1975), 27 Ill. App. 3d 988, 1003, 327 N.E.2d 546, cert, denied (1976), 424 U.S. 914, 47 L. Ed. 2d 319, 96 S. Ct. 1114), provided that testimony is confined to the witnesses’ personal knowledge. People v. Seider (1981), 98 Ill. App. 3d 175, 187, 423 N.E.2d 1217.
 

 The similarity of sound emanating from defendant’s car after the lineup and that heard by the victim after the rape tends to show that defendant’s car was in the parking garage. Moreover, the testimony was competent because the victim had personal knowledge of the noise, which was a physical fact, capable of perception. (2 Wigmore, Evidence secs. 459, 460 (Chadbourn rev. 1979).) The victim listened to the sound of defendant’s car immediately following her lineup identification of defendant because she and the auto were then both available and the sensation of sound was arguably fresher in her recollection than might have been the case should a delay have taken place. We find no error in admitting evidence of the sound of defendant’s car. Were we to assume for the sake of argument that the circuit court erred in admitting this testimony, such error would have been deemed harmless beyond a reasonable doubt in light of the overwhelming evidence of defendant’s guilt. People v. Robinson (1978), 73 Ill. 2d 192, 383 N.E.2d 164.
 

 V
 

 Defendant insists that a mistrial should have been granted following the presentation by the State at trial of witnesses and evidence withheld from him contrary to Supreme Court Rule 412 discovery (87 Ill. 2d R. 412), maintaining that his defense was thereby prejudiced. The first point involves evidence of an unsuccessful attempt by a police artist to create a composite sketch of defendant with the aid of the victim’s description, although it was the victim’s subsequent identification of defendant which led to his conviction. The State claimed that it was not advised by police of this evidence until two days before the victim testified and that there was no composite sketch made or police report filed concerning this action. The circuit court, after denying the motion for mistrial, directed that the victim return for further cross-examination by defense counsel on this narrow inquiry, which was done. The court thereafter permitted defense counsel to interview the police artist and have him testify as to his attempts to create the sketch, which also was accomplished.
 

 Rule 412(a)(i) requires the State to disclose to defense counsel the names and persons the State intends to call as witnesses upon defense motion as was made in this case. (87 Ill. 2d R. 412(a)(1).) The State asserts that it had no intention to call the police artist as a witness. Rule 412(c), however, necessitates the disclosure to defense counsel of any material or information within its possession or control which tends to negate the guilt of the accused as to the offense charged. (87 Ill. 2d R. 412(c).) It is clear that the goal of furthering the fact-finding process by maintaining a flow of information between the State and its investigative personnel (87 Ill. 2d R. 412(f)), was thwarted in this case. The State’s failure to provide the necessary information in response to the defense request is not excused by police failure; both are required to cooperate so as to insure that all relevant information will be provided. People v. Young (1978), 59 Ill. App. 3d 254, 375 N.E.2d 442.
 

 A fair trial is denied a defendant where the withheld evidence is favorable to him and is material as to his guilt or innocence. Materiality, in this sense, means evidence which when evaluated in the context of the entire record, creates a reasonable doubt of defendant’s guilt, not the mere possibility that it might have helped the defense in some way. (United States v. Agurs (1976), 427 U.S. 97, 49 L. Ed. 2d 342, 96 S. Ct. 2392; People v. Williams (1980), 91 Ill. App. 3d 631, 634, 414 N.E.2d 1235; People v. Abendroth (1977), 52 Ill. App. 3d 359, 367 N.E.2d 571.) A review of the entire record discloses, however, that the victim here positively identified defendant as her assailant by photograph, in a lineup, in a voice identification procedure and in the courtroom. The knife used in the commission of the crime was found lying on the front seat of his auto when he was stopped and arrested. The victim’s inability to aid a police artist to complete a composite sketch from her description does not rise to the level of reasonable doubt of defendant’s guilt and cannot be deemed material under these circumstances, but harmless. People v. Ojeda (1980), 91 Ill. App. 3d 723, 728, 414 N.E.2d 1156; People v. Mahaffey (1978), 60 Ill. App. 3d 496, 377 N.E.2d 85.
 

 The second instance of withheld evidence concerns a previous arrest report on another suspect, which was discovered during defense cross-examination of a police officer. Defendant again moved for a mistrial which was denied. We fail to see how evidence that another suspect was arrested and later released after the victim could not identify him as her assailant can be favorable to defendant or material to his guilt or innocence since it raises no question or reasonable doubt as to defendant’s guilt. (Brady v. Maryland (1963), 373 U.S. 83, 87, 10 L. Ed. 2d 215, 218, 83 S. Ct. 1194, 1196-97; People v. Nichols (1976), 63 Ill. 2d 443, 446, 349 N.E.2d 40; People v. Ojeda.) Even assuming the failure of the State to disclose this evidence could be deemed somehow prejudicial, that omission was neutralized by the circuit court’s order recessing the trial, allowing the defense to examine the report, and permitting defense counsel to cross-examine the reporting officer, as to the report and the description of the suspect who had been arrested and released. Defendant was not prejudiced by this late disclosure. People v. Taylor (1982), 107 Ill. App. 3d 1019, 1022, 438 N.E.2d 565.
 

 From the foregoing, no basis appears upon which to disturb defendant’s conviction and sentences. Accordingly, we must affirm.
 

 Affirmed.
 

 STAMOS and PERLIN, JJ., concur.