THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LENZY LAVERNE WRIGHT, Defendant-Appellant.

(No. 11339;

Fourth District—March 11, 1971.

Morton Zwick, of Defender Project, of Chicago, (Ellis B. Rosenzweig, of counsel,) for appellant.

Basil G. Greanias, State's Attorney, of Decatur, for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

This is an appeal by the defendant from a sentence of twelve to twenty years in the penitentiary on his plea of guilty to voluntary manslaughter. He urges in this appeal that on this trial court record he should have been granted probation or in the alternative the minimum sentence should not have exceeded one-third of the maximum. He urges us to do one or the other. On this record neither avenue is properly open to us.

The defendant was indicted for murder and the public defender was appointed to represent him. Subsequently the State's Attorney moved for leave to file an information charging voluntary manslaughter. It was allowed. The statutory and constitutional requirements were satisfactorily met and the final sentence in the docket entry recites "defendant expresses his satisfaction with the legal services of his appointed counsel and plea of guilty accepted". The State waived presentation of evidence in aggravation and the defendant waived the right to offer evidence in mitigation. The court then called on the State for its summary and recommendation. The State's Attorney stated: "The proceedings of this morning came about as a result of what is known as a negotiated plea as a result of numerous conversations and investigation between Mr. Hurt and myself and our office in which the court took no part". The State's Attorney went on to state that he still felt that the evidence in the case would support a murder charge but that their office had concluded that a more fair disposition in the case would be voluntary manslaughter. He then recommended that the sentence be a minimum of twelve years and a maximum of twenty.

Defense counsel then stated: "After investigation, interviewing witnesses and being as fully informed as possible about the case before going into a trial, it is my opinion that this is a proper case for voluntary manslaughter. The recommended term that was recommended by the State's Attorney is a term that has also been negotiated between defense counsel and the State's Attorney and I inform the court that it is concurred in by defense counsel". Sentence was then imposed. In this state of the record, therefore, we have a plea and a sentence which was negotiated and agreed upon. The notice of appeal was filed by the defendant *pro se* after he reached the penitentiary. The Illinois Defender Project was then appointed to represent the defendant on appeal.

■■ The record indicates that this defendant went to a hospital to visit his wife and left there about 8:05 P.M. He then drove to the home of his ex-wife and visited with her and their three children. They consumed a quart and one-half of beer. About 10 o'clock, she gave him some money and sent him for more beer. When he got into his car, he found two 22-

long rifle bullets in the glove compartment, stated that he wanted to load his gun which had been left with his ex-wife the week before, and that he intended to go out to the Decatur Sanitation Sewerage and hunt rabbits. He purchased three quarts of beer and a fifth of wine which the two of them pretty well consumed. He got the gun and loaded it. He was on one side of the table and she on the other. "We both got to arguing loudly and I pulled the gun out of the holster which was lying on the table betwen us. I pointed the gun at her meaning to scare her into shutting up, and I pulled the trigger without thinking, mainly a reflex action". Realizing that she was dead, he called the police and told them what had happened. He put the gun back into the holster and threw it behind the davenport in the living room. It appears from the record that he was thirty-eight years of age, was not then employed but was going to school and had no previous criminal record. So far as this record is concerned, the statement of facts above recited appears in a statement which he voluntarily gave to the city police. While we do not hold that *per se* the negotiated plea in this record precludes us from reducing the sentence imposed, we find little or no justification for us to disturb the sentence. It is clear from this record that the crime committed was borderline between murder and voluntary manslaughter. The burden of presenting mitigating circumstances falls upon the defendant. (*People v. Nelson*, 41 Ill.2d 364, 243 N.E.2d 225.) He offered none. The State's Attorney, the defendant's own counsel with whom he expressed satisfaction, and the trial court felt that the disposition of this case was proper. We are not persuaded that any sound reason is disclosed in this record for action on our part.

■■ Counsel suggests that this court has approved the American Bar Association's recommendation on Minimum Standard for Criminal Justice and in particular the recommendation that the minimum shall not exceed one-third of the maximum, and cite our decision in *People v. Scott*, 117 Ill.App.2d 344, 253 N.E.2d 553. In that case we stated that we did approve of this as a standard but that it was only a guide and not a hard and fast rule and pointed out that there may well be factual circumstances that compel deviation from that standard. Indeed, in *Scott*, we did not adhere strictly to the one-third minimum principle. Rigid adherence to that formula precludes the individual considerations of individual background, criminal propensities, nature of the crime and factors which are part and parcel of an appropriate indeterminate sentence.

There being no error in the record, the judgment is affirmed.

Judgment affirmed.

CRAVEN and TRAPP, JJ., concur.