THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES G. ISOM, Defendant-Appellant.

(No. 11458; ▇▇▇▇▇▇▇▇▇▇▇▇)

Fourth District—March 21, 1972.

John F. McNichols, of Defender Project, of Springfield, (Daniel Stewart, Staff Attorney, of counsel,) for appellant.

Richard A. Hollis, State's Attorney, of Springfield, (Arthur J. Inman, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant was convicted in a jury trial of the unlawful sale of heroin, a narcotic drug. He was sentenced to a term of not less than 20 nor more than 40 years in the Illinois State Penitentiary.

Upon this appeal the defendant contends that the evidence did not establish his guilt beyond a reasonable doubt; that the trial court committed reversible error in the admission of certain evidence, and finally, that the sentence is excessive.

In August 1969, Christopher Vaughns, an employee of the Illinois Bureau of Investigation, was introduced to the defendant by one Willie

Greer, a paid informer or special employee of the Illinois Bureau of Investigation. The substance of this case is that Vaughns testified that defendant sold him 2 red capsules for $20. Laboratory analysis established that the capsules contained heroin. The defendant denied the transaction and Willie Greer who had made the introduction and was in the vicinity of the alleged sale did not testify for the State.

The defendant asked that Willie Greer be called as a hostile witness. This was denied. He was then called and testified as a defense witness. As such, he testified that he went with Vaughns to a barber shop in Springfield; that he called the defendant outside and introduced him to Vaughns. Greer then stated that he stepped back from them and that Vaughns and the defendant talked. Greer testified that he did not see a sale or delivery of anything from the defendant to Vaughns.

Upon cross-examination of Greer by the State, he was asked about a telephone conversation with an agent by the name of Metcalf. The telephone conversation was on the night preceding the testimony and during the course of the trial. Defense counsel objected to this line of cross-examination as beyond the scope of direct. The court sent the jury out and the State by way of an offer of proof was permitted to examine Greer as to the conversation, but this testimony, of course, the jury did not hear. The State sought to establish that Greer had been threatened and that the threats to the witness were relevant to the nature of the testimony being given by the witness. In his testimony constituting the described offer of proof, Green stated that defendant's counsel and a Mr. Horton were at his home on the preceding evening but that the defendant was not there. Greer related that he had talked to the defendant over the weekend. Greer further stated that he had not told Metcalf that he had been threatened.

The court then sustained the objection. The jury was returned, and upon the conclusion of the case by the defendant, the People called agent Metcalf as a rebuttal witness. Over objection of the defendant, the court permitted Metcalf to relate the circumstances and substance of the purported telephone conversation. Metcalf testified that he had had a telephone conversation with Greer the night before. He further testified that he had called Willie Greer; that a lady answered, and that she was crying. In his testimony he stated that in his telephone conversation with Greer he asked Greer if he had company and Greer answered in the affirmative. He asked him if the defendant was there and testified "I understood him to say 'yes' ". Metcalf testified that he asked Greer if he had been threatened and Greer said yes. He asked Greer if his life had been threatened and he responded in the negative.

■■ Thus, over defendant's objection the State presented evidence to

the jury rebutting the substance of Greer's testimony which the court did not permit the jury to hear. This was error and such error necessitates a new trial.

The People now contend that Metcalf's testimony was admissible—not to establish threats to Greer by the defendant which it did not do, but to impeach Greer by his prior inconsistent statement.

A witness may be impeached by proof that he made a statement outside of court inconsistent with his testimony. Here the court "testimony" itself was excluded. Furthermore, any such impeachment presupposes an adequate foundation. In this case no foundation whatsoever was laid during the cross-examination of Greer to permit of subsequent admission of testimony as to a purported inconsistent statement. Such a foundation is essential to make inconsistent statements admissible as impeachment of the witnesses' admitted testimony. See ILP, *Witnesses*, sec. 229.

The parties have stipulated that the quantity of narcotic here involved was less than 30 grams. In view of the necessity for a new trial, we need not pass on the issue of the asserted excessiveness of sentence except to note that in the event of re-sentencing, the sentence provisions of the present law (see par. 1601, *et seq.*, ch. 56½, Ill. Rev. Stat. 1971) will be applicable. *People v. Bailey*, 1 Ill.App.3d 161, 273 N.E.2d 74.

The evidentiary error in this case necessitates a new trial. Our examination of this record does not persuade us to the view contended by the defendant that the evidence as adduced is insufficient to convict beyond a reasonable doubt. (See *People v. Novotny*, 41 Ill.2d 401, 244 N.E.2d 182.) The conviction and sentence are reversed and this cause is remanded to the circuit court of Sangamon County for a new trial.

Reversed and remanded for a new trial.

TRAPP, P. J., and SIMKINS, J., concur.