THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES EDWARD MIZE *et al.*, Defendants—(JAMES EDWARD MIZE, Defendant-Appellant.)

(No. 11601;

Fourth District—February 7, 1973.

John F. McNichols, of Defender Project, of Springfield, (Michael Gibson, of counsel,) for appellant.

Alvin H. Petitt, State's Attorney, of Jerseyville, for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal by the defendant from a sentence of 18 to 20 years imposed by the circuit court of Jersey County on a negotiated plea of

guilty to voluntary manslaughter. The defendant was represented by experienced counsel in the trial court and is represented by the Illinois Defender Project in this court. Squarely raised in this case are two questions: (1) can the trial court in a negotiated plea sentence the defendant without a hearing in aggravation and mitigation where both the People and the defendant waived such a hearing and (2) was it error for the trial court to impose a sentence of 18 to 20 years on a negotiated plea pursuant to Supreme Court Rule 402 (d) (2)?

The defendant and another were charged with the murder of one James Brooks by running over him with an automobile and a second count charging murder by hitting the decedent with their fists and a jack post. The defendant and his codefendant entered a not guilty plea to the charge after a full and complete explanation by the trial court of the nature of the charge and of each defendant's right. Sometime later an indictment was returned charging the defendant with the offense of voluntary manslaughter and he entered his plea of guilty to that charge. Again the court fully advised the defendant of his rights and advised him that a person convicted of voluntary manslaughter could be in the penitentiary from one to twenty years. The court likewise stated: "Your sentence could be from one to twenty, one to ten, fifteen to twenty, eighteen to twenty; any place between one and twenty. Do you understand that?" The defendant stated: "Yes, sir".

The record clearly shows that the defendant's attorney stated that a plea of guilty to voluntary manslaughter would result in a reduction of the charge to voluntary manslaughter, that the State's Attorney would recommend a sentence of not less than 18 nor more than 20 years, and that the State's Attorney had stated that the State's Attorney of Madison County would drop all charges pending in that county against the defendant and discharge him from the probation order under which he was subject at the time of this offense. The State's Attorney confirmed this agreement between him and defense counsel and on inquiry by the court of the defendant "[D]o you understand that, Mr. Mize?", the defendant replied "Yes, sir". There is no suggestion that this understanding was not carried out by the State.

The State's Attorney was then asked for a factual basis of the crime. The record shows that the nude body of a man had been found in a field, the car involved was found in a vacant lot, and some people stated they had talked with the defendant and were led to believe that in some way or another he and his codefendant were involved in this killing. Mize was picked up and gave a confession to the Illinois Bureau of Investigation. The State's Attorney and defense counsel each had a copy. The decedent, defendant and codefendant were driving around. An

argument ensued and a fight resulted, which the defendant won. The defendant got back into the car with the codefendant driving and Brooks was on the ground ahead of the car. They drove the car over Brooks, took a trip through a big wheat field of some 40 to 50 acres, then came back and ran over Brooks the second time, took his body and stripped it, and threw the body on the side of the field. After this statement, both counsel stated they had nothing further to say and the court then asked the defendant whether he had any reason why sentence should not now be imposed and the defendant answered "No".

■■ In the face of this record where the plea and the recommended sentence were agreed upon between experienced trial counsel and a trial judge experienced in criminal matters and where the opportunity to offer evidence in aggravation and mitigation was presented to both sides and voluntarily waived and the record shows adequate background of defendant, it is an anemic argument that there is not a sufficient factual basis for responsible sentencing or a meaningful sentence review and that point is without merit.

The second point raised is that the sentence here imposed ignores the principle of indeterminancy with its objective of restoring the defendant to useful citizenship. It is urged that art. I, sec. 11, of the 1970 Constitution effective July 1, 1971, states: "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship". Defendant's reply brief confesses that the sentence here involved did take into account the seriousness of the offense, but fails completely to consider the restoration of the defendant to useful citizenship. Flexibility in sentencing and the use of the spread between the minimum and the maximum provides a proper flexibility which in our judgment does not and should not imply flaccidity. To assert that the offense here committed was not a vicious crime committed by a twenty-one-year-old man with a 9th grade education and while on probation out of the Madison County circuit court simply attempts to refute the obvious.

■■ It requires no citation of authority today to state that a sentence of 18 to 20 years is not an indeterminate sentence within present-day concepts. In *People v. Wright*, 131 Ill.App.2d 986, 267 N.E.2d 757, we stated that while we did not hold that the negotiated plea *per se* precludes us from reducing the sentence imposed, we found no justification for doing so in that case. There, as here, we noted that the case was borderline between murder and manslaughter. Because the sentence here is not an indeterminate sentence as a matter of law, it must be vacated. To return this case to the trial court would effectively bring into play the principles involved in *People v. Bailey*, 1 Ill.App.3d 161, 273 N.E.2d

74, where we held that where the offense being prosecuted has not reached a final adjudication then for purposes of sentencing, a change in the law reducing sentences is applicable. The Code of Criminal Corrections (Ill. Rev. Stat. 1972 supp., ch. 38, par. 1005—5—4), codifies this rule and mandates that the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence less the portion of the prior sentence previously satisfied. Thus both the trial court and this court must be controlled by that provision. As herein indicated we believe that the record in this case is adequate for effective sentencing without a remand. Voluntary manslaughter is a Class 2 felony and under par. 1005—8—1 (c) (3) the minimum term of imprisonment is one year, unless the court considers the nature and circumstances of the crime, the history and character of the defendant, and sets a higher minimum term limited nevertheless to one-third of the maximum set by the court. In the instant case, therefore, it is only the minimum sentence that violates these provisions.

Accordingly, the sentence in this case is modified and as modified, the minimum sentence shall be not less than six years and eight months and the maximum not more than 20 years. With the sentence as modified, the conviction is affirmed, and this cause is remanded to the circuit court of Jersey County with directions to issue an amended *mittimus* reflecting the foregoing modification.

Conviction affirmed; sentence modified; cause remanded with directions.

CRAVEN, P. J., and SIMKINS, J., concur.