THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GERALD W. HARL, Defendant-Appellant.

(No. 11748;

Fourth District—June 20, 1973.

John F. McNichols, of Defender Project, of Springfield, (Bruce L. Herr, of counsel,) for appellant.

Basil G. Greanias, State's Attorney, of Decatur, (Jon C. Baxter, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

The defendant appeals from a sentence of one to four years in the penitentiary for aggravated assault. An information was filed against him with one count of aggravated assault, one count of criminal destruction of property, and one count of unlawful use of weapons. Shortly thereafter, an indictment was returned against him for aggravated assault. On arraignment he pleaded not guilty. Subsequently he had a change of heart resulting from plea negotiations with the State in which the State's Attorney had agreed to concur in the recommendation of the probation officer, if probation was recommended. If probation was not recommended, the State's Attorney had agreed to recommend a sentence of one to four years in the penitentiary. Probation was denied and the sentence of one to four years in the penitentiary was imposed. The other charges were dismissed.

██ At the time of this sentence, the penalty for aggravated assault under the provisions of Ill. Rev. Stat. 1971, ch. 38, par. 12—2(b), was that the defendant "shall be fined not less than $25 nor more than $1,000 or imprisoned in a penal institution other than the penitentiary not less than 4 days nor more than one year, or both, or in the penitentiary from one to 5 years". The record shows that upon inquiry, the State's Attorney, defense counsel and the court did not advise the defendant of the minimum sentence which could be imposed as required by Supreme Court Rule 402. In substance that rule among other things requires that the court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following: "The *minimum* and the maximum sentence prescribed by law  *  *  *." (Emphasis supplied.) (Ill. Rev.

Stat. 1971, ch. 110A, par. 402(a) (2).) This language requires neither interpretation nor explanation. Without such information, the defendant bargains without knowledge of all his bargaining tools. On the record before us there is no showing that the defendant's agreement to a one to four years in the penitentiary was made with knowledge that he also had available some non-penitentiary minimum sentences. No mention of them was made. The advice given to him by all parties was not only inadequate, it was totally a distorted picture. The plea and the sentence must be and they are hereby vacated.

■■ The defendant was sentenced to the penitentiary on September 21, 1971. We granted leave to appeal and this appeal was pending in our court at the time the new Code of Criminal Corrections became effective on January 1, 1973. Accordingly, the defendant's case had not reached a "final adjudication". The Code itself as well as decisions of this court and the Supreme Court for the purpose of sentencing have held that a case pending on appeal has not been finally adjudicated and the punishment provided under the new Code applies. (See *People v. Bailey*, 1 Ill. App.3d 38, 272 N.E.2d 259; *People v. Isom*, 4 Ill.App.3d 407, 280 N.E.2d 485; *People v. Chupich*, 53 Ill.2d 572, 295 N.E.2d 1; *People v. Mize*, 9 Ill. App.3d 647, 292 N.E.2d 731.) Under the Criminal Code, aggravated assault is classified as a Class A misdemeanor. The maximum penalty is one year in an institution other than the penitentiary or a $1000 fine, or both. It is clear that this defendant has served well over the maximum that can now properly be imposed against him. Accordingly, the plea and the sentence of the defendant are hereby vacated and the defendant ordered forthwith discharged upon the issuance of this court's mandate as provided by law. Mandate ordered to issue forthwith.

Defendant discharged.

TRAPP and SIMKINS, JJ., concur.