The People of the State of Illinois, Plaintiff-Appellee, *v.* Charles Silagy, Defendant-Appellant.

(No. 12147; ▮▮▮▮▮▮▮▮▮▮

Fourth District—August 1, 1973.

John F. McNichols, Deputy Defender, of Springfield, (J. Daniel Stewart, of counsel,) for appellant.

Richard J. Doyle, State's Attorney, of Danville, (John R. McClory, First Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

The sole issue in this case is whether or not the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1055—8—1), applies to the sentence imposed in this case and requires a remandment for an appropriate sentence under that statute. The question stated must be answered "yes" in both aspects.

The defendant was charged in a two-count indictment with rape and incest in connection with an August 26, 1972, incident involving his sister. He entered a plea of guilty to the charge of incest pursuant to a plea negotiation agreement in which the State agreed to dismiss the rape

count of the indictment. Following a hearing in aggravation and mitigation on November 30, the court sentenced the defendant to a term of 6 to 10 years in the penitentiary. Notice of appeal was filed on December 14, 1972, and was thus pending on January 1, 1973 when the Code became effective.

■■ It is the position of the People that the term "final adjudication" is a synonym for final judgment and that final judgment in a criminal case means a sentence. The difficulty with this interpretation is that par. 1008—2—4 of the Code provides: "If the offense being prosecuted has not reached the sentencing stage *or a final adjudication,* then for purposes of sentencing the sentences under this Act apply if they are less than under the prior law upon which the prosecution was commenced." (Emphasis supplied.) In *People v. Chupich,* 53 Ill.2d 572, 295 N.E.2d 1, the court points out that the terms "sentencing stage" and "final adjudication" do not mean the same thing and that "the appellate courts have correctly held that the penalties provided in the Controlled Substances Act are applicable to cases pending upon direct appeal. The same result will follow under the Unified Code of Corrections." This court has pursued a like course. *People v. Mize,* 9 Ill.App.3d 647, 292 N.E.2d 731; *People v. Lobb,* 9 Ill.App.3d 650, 292 N.E.2d 750.

■■ Accordingly, the sentence imposed in this case is vacated and the cause is remanded to the circuit court of Vermilion County with directions to impose a sentence appropriate under the Code of Criminal Corrections.

Reversed and remanded with directions.

SIMKINS and TRAPP, JJ., concur.