THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL SPAULDING, Defendant-Appellant.

(No. 12216;

Fourth District—February 21, 1974.

John F. McNichols, Deputy Defender, and Bruce L. Herr, Legal Director, office of State Appellate Defender, both of Springfield, for appellant.

John G. Satter, Jr., State's Attorney, of Pontiac (James T. Duda, Senior Law Student, of counsel), for the People.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

On September 28, 1972, defendant Michael Spaulding was indicted for the crime of escape, the indictment alleging that defendant, while serving two concurrent 2- to 5-year prison terms at the State Penitentiary in Pontiac, did knowingly and intentionally escape from that institution in violation of Illinois Revised Statutes, chapter 108, paragraph 121. On September 29, 1972, defendant appeared at court with appointed counsel and entered a plea of guilty pursuant to a plea-bargaining agreement and was sentenced for a term not less than 1 nor more than 2 years in the State Penitentiary, said sentence to commence on the expiration of the term he was serving at the time of his alleged escape.

In this direct appeal, appellant contends: (1) that his sentence should be modified to conform to the new Unified Code of Corrections and (2) that the statute under which he was convicted was unconstitutional because it denied him the equal protection of the law.

■■ Defendant was indicted on September 28, 1972, and entered a plea of guilty to the charge of escape on September 29, 1972. The Unified Code of Corrections took effect January 1, 1973, and provides in part:

"If the offense being prosecuted has not reached the sentencing stage or a final adjudication, then for purposes of sentencing the sentences under this Act apply if they are less than under the prior law upon which the prosecution was commenced." Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1008—2—4.

This court has held that the "final adjudication" provision of the Unified Code of Corrections makes the Code applicable to cases on direct appeal. (*People v. Lobb*, 9 Ill.App.3d 650, 292 N.E.2d 750; *People v. Mize*, 9 Ill.App.3d 647, 292 N.E.2d 731.) Since this case is on direct appeal from the judgment of the circuit court, the provisions of the Unified Code are applicable. The statutory provisions which govern this case are as follows:

Escape or misconduct by inmates—Penalty.

"Whoever being a prisoner in the Illinois State Penitentiary escapes or attempts to escape therefrom, or escapes or attempts to escape while in the custody of an employee of the Illinois State Penitentiary, or holds or participates in the holding of any person as a hostage by force, threat or violence, or while participating in any disturbance, demonstration or riot causes, directs or participates in the destruction of any property, is guilty of a felony and, upon conviction thereof, shall be imprisoned in the penitentiary not less than one year and not more than ten years; provided, however, that any sentence of imprisonment imposed upon conviction of any prisoner for any violation of this section shall not commence until the expiration of the term which the prisoner was serving at the time of the violation." Ill. Rev. Stat. 1971, ch. 108, par. 121, as amended by act approved Aug. 1, 1961. L. 1961, p. 2549.

"Enforcement of Discipline—Escape.

(a) A committed person who escapes or attempts to escape from an institution or facility of the Adult Division, or escapes or attempts to escape while in the custody of an. employee of the Adult Division, or holds or participates in the holding of any person as a hostage by force, threat or violence, while participating in any disturbance, demonstration or riot, causes, directs or par-

ticipates in the destruction of any property is guilty of a Class 2 felony. A committed person who fails to return from furlough is guilty of a Class 3 felony." Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1003—6—4.

"Sentence of Imprisonment for Felony.

(a) A sentence of imprisonment for a felony shall be an indeterminate sentence set by the court under this Section.

(b) The maximum term shall be set according to the following limitations:

\* \* \*

(3) for a Class 2 felony, the maximum term shall be any term in excess of one year not exceeding 20 years;

(c) The minimum term shall be set according to the following limitations:

\* \* \*

(3) for a Class 2 felony, the minimum term shall be 1 year unless the court, having regard to the nature and circumstances of the offense and the history and character of defendant, sets a higher minimum term, which shall not be greater than one-third of the maximum term set in that case by the court; \* \* \*." Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1.

"Disposition.

(a) Every person convicted of an offense shall be sentenced as provided in this Section.

\* \* \*

(d) When a defendant is convicted of a felony or misdemeanor, the court may sentence such defendant to:

(1) a period of probation or conditional discharge except in cases of murder, rape, armed robbery, violation of Sections 401(a), 402(a), 405(a) or 407 of the Illinois Controlled Substances Act or violation of Section 9 of the Cannabis Control Act;

(2) a term of periodic imprisonment;

(3) a term of imprisonment;

\* \* \*."

Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—5—3.

Appellant contends that Illinois Revised Statutes, chapter 38, paragraph 1005—8—1(c)(3), requires the imposition of a minimum sentence no greater than one third of the maximum sentence actually imposed in each particular case by the court. Such an interpretation is erroneous. This section provides that the minimum term shall be one year unless

the court sets a higher minimum term, which shall then not be greater than one third of the maximum set by the court in that particular case. Consequently, if the court sentences the defendant to a term of imprisonment for a Class 2 felony under the provisions of Illinois Revised Statutes, chapter 38, paragraph 1005—5—3(d)(3), the provisions of section 5—8—1(c)(3) of the Unified Code of Corrections (paragraph 1005—8—1(c)(3)) make it mandatory that the minimum term shall be one year without regard to the maximum term imposed in that case by the court. The provisions of said section limiting the minimum term to one third of the maximum term set by the court are not applicable "unless the court  *  *  * sets a higher minimum term" than the one-year minimum term set by the same statutory enactment. Accordingly, trial court committed no error in sentencing defendant to a term of 1 to 2 years.

Finally, the appellant contends the statute under which he was convicted is unconstitutional because it denies him the equal protection of the law. The defendant was indicted, pleaded guilty, and convicted of a violation of Illinois Revised Statutes 1971, chapter 108, paragraph 121, which requires that the sentence be served consecutively to the sentence the defendant was serving at the time of his escape. Appellant argues that had he been prosecuted and convicted under Illinois Revised Statutes 1971, chapter 38, paragraph 31—6(a), he would not have been subject to the mandatory consecutive sentence. It is his contention that for the reasons expressed by the court in *People v. McCollough*, 8 Ill.App.3d 963, 291 N.E.2d 505, *appeal allowed*, 53 Ill.2d 606 (No. 45634), the discretion given the State in deciding under which statute to prosecute denies the defendant equal protection of the law. It is argued that on exactly the same set of facts defendant could have been convicted of escape requiring the consecutive sentence, or of escape with no such requirement, depending only on the unfettered discretion of the prosecutor. The court held in *People v. McCollough* that the discretion given the State to prosecute a defendant under either the reckless homicide statute or the involuntary manslaughter statute was unconstitutional.

While it is correct that the offense of escape under the Criminal Code does not of itself require that the sentence imposed thereunder be consecutive to the sentence being served by the defendant at the time of the escape, under the provisions of Illinois Revised Statutes, chapter 108, paragraph 118, such would be the result when the defendant was convicted of escape from the penitentiary. The provisions of Illinois Revised Statutes 1971, chapter 108, paragraph 118, are as follows:

Crimes committed in penitentiary.

"When any crime is committed within any division or part of

the penitentiary system by any person confined therein, cognizance thereof shall be taken by any court of the county wherein such division or part is situated having jurisdiction over the particular class of offenses to which such crime belongs. Such court shall try and punish the person charged with such crime in the same manner and subject to the same rules and limitations as are now established by law in relation to other persons charged with crime in such county. But in case of conviction, the sentence of said convict shall not commence to run until the expiration of the sentence under which he is then held in confinement in the penitentiary system. Provided, that in case such convict shall be sentenced to punishment by death, the sentence shall be executed at such time as the court may fix without regard to the sentence under which such convict may be held in the penitentiary; and provided, further, that all fees and costs arising from the prosecution of convicts for crimes committed within the penitentiary system, which would otherwise be paid by the county, shall be paid by the State."

■■ The defendant was convicted of escape from the penitentiary while he was serving a sentence for a prior felony conviction. Thus, if the State's Attorney did have the unfettered discretion referred to in *McCollough* in determining whether to prosecute the defendant under the provisions of Illinois Revised Statutes 1971, chapter 108, paragraph 121, or, in the alternative, under the provisions of Illinois Revised Statutes, 1972 Supp., chapter 38, paragraph 1003—6—4, the results would be the same. The mandate of Illinois Revised Statutes 1971, chapter 108, paragraph 118, requires that any prison sentence would not commence to run until the expiration of the sentence under which the defendant was then held in confinement in the penitentiary system.

The judgment of the circuit court is affirmed.

Judgment affirmed.

SMITH, P. J., and SIMKINS, J., concur.