# 629

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN KORELL, Defendant-Appellant.

(No. 11900; )

Fourth District—May 27, 1974.

Kenneth L. Gillis, of State's Appellate Defender's Office, of Chicago, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (James R. Coryell, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

This defendant was 17 years of age on July 2, 1971. He appeals from a sentence of 1 to 10 years in the penitentiary for a burglary committed on September 18, 1971. On November 23, 1971, a negotiated plea of guilty was entered with the State agreeing to concur in the recommendation of the probation officer and if probation was denied, the People would recommend 1 to 10 years. The sentence thus imposed on the defendant was in strict accordance with the negotiated plea. The defendant contends that the sentence imposed is excessive. This court raised the question of whether or not the provisions of the Juvenile Court Act (Ill. Rev. Stat. 1971, ch. 37, par. 701—1) applied to this defendant and additional briefs were filed. In that brief, the defendant takes the position that the trial court was without jurisdiction to impose the sentence without according the defendant the procedural provisions of the Juvenile Court Act. Neither position is well taken.

In November 1971, the defendant pleaded guilty to an indictment charging him with the crime of burglarizing the Johns Hill Junior High School in Decatur. The probation officer recommended probation and the court granted probation for 1 year. In February 1972, a petition to revoke probation was filed alleging that the defendant did on January 28, 1972, commit the offense of indecent liberties with a male child

under the age of 16 years. At the hearing on this charge, the defendant confessed to the violation and the State recommended that the action be treated as a contempt of court and the defendant readmitted to probaion. Probation was extended. On February 28, 1972, another report stated that the defendant had absented himself from his place of residence from February 23 to February 25, and had left Cantrell Hall with his 16-year-old brother. On this second violation, the defendant testified that he lived at Cantrell Hall as a ward of the court. In October 1966, a juvenile petition was filed charging him and his brother as being "otherwise in need of supervision" in that they were beyond the control of their parents and had been habitually truant from school. They resided at Cantrell Hall until February, 1972. The defendant testified in mitigation on the probation violation that he left Cantrell Hall, a nonpenal place under the supervision of the county and the State to protect his younger brother as they were quite close.

■■ This record clearly shows that the court carefully considered all facets of this case and felt that the previous supervision in Cantrell Hall as well as two attempts at probation had failed. He therefore concluded that the sentence here imposed was necessary to accomplish rehabilitation. This record suggests no abuse of discretion. We therefore conclude that the sentence imposed was neither unnecessary nor excessive.

We need not consider the question of whether the sentence imposed on the revocation of probation is excessive. The Unified Code of Corrections (Ill. Rev. Stat. 1971, ch. 38, par. 1001—1—1 *et seq.*) effective January 1, 1973, became effective while this case was pending on appeal and had not reached a "final adjudication". The Code itself as well as decisions of this court and the Supreme Court for the purpose of sentencing have held that a case pending on appeal has not been finally adjudicated and the punishment provided under the new Code applies. (See *People v. Bailey*, 1 Ill.App.3d 161, 272 N.E.2d 259; *People v. Isom*, 4 Ill.App.3d 407, 280 N.E.2d 485; *People v. Chupich*, 53 Ill.2d 572, 295 N.E.2d 1; *People v. Mize*, 9 Ill.App.3d 647, 292 N.E.2d 731.) Under the Code, burglary is a Class II felony and a sentence, if appropriate, shall be a minimum of 1 year and the maximum not to exceed 20 years. The sentence imposed is therefore within the limits of the applicable statute and in accordance with the negotiated plea. The defendant had the benefit of counsel throughout. It is stated in appellant's brief that the defendant is now on parole. The defendant has been under needed supervision now for more than 6 years—since he was 12 years old.

■■ The defendant's position that our opinion in *People v. Ellis*, 10 Ill.App.3d 216, 293 N.E.2d 189, is controlling is not well taken. Our supreme court reversed and held that the Juvenile Court Act does not

apply to males over 17 years of age. (*People v. Ellis*, No. 45745, January Term, 1974, and *People v. Seets*, No. 45590, March Term, 1974.) Defendant was more than 17 years old, both at the time of the sentence and at the time of the offense.

There was no appeal from the decision in 1966 to make the defendant a ward of the court. There was no appeal from the initial conviction for burglary. There was no appeal from the original revocation of probation. It is clear from this record that both the People, defense counsel and the court were seeking some method to rehabilitate the defendant. It is clear that for more than 5 years rehabilitation outside a penal institution succeeded—then came the devious sexual conduct charge. All parties concurred in probation and supervision again. That, too, failed. To hold that the sentence imposed is excessive or that some other form of sentence would accomplish what 6 years of nonpenal supervision has failed to do is to collide head-on with reality. Accordingly, the judgment is affirmed.

Affirmed.

TRAPP and SIMKINS, JJ., concur.