THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RALPH BRANDON KELLY *et al.,* Defendants—(LOLA GOINS, Defendant-Appellant.)

(No. 12349; )

Fourth District—July 17, 1974.

John F. McNichols and J. Daniel Stewart, both of the State Appellate Defender's Office, of Springfield, for appellant.

No appearance for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

Defendant appeals from a sentence of 2 to 5 years for robbery. It is her position here that (1) the court's admonition concerning the nature of the charge was insufficient, (2) the court's admonition concerning the minimum and maximum penalties was inadequate and (3) her minimum sentence should be reduced. The defendant, together with Kelly and Coffman (not parties to this appeal) were charged with two counts of armed robbery and one count of criminal damage to property. A local attorney was appointed to represent the defendant and she was handed a copy of the indictment. Thereafter, in December, another attorney entered his appearance for her and the local attorney withdrew from

the case. The Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1 *et seq.*) became effective on January 1, 1973. Thereafter, the defendant's motion for a severance from her co-defendants was allowed. On February 7, the defendant, Kelly, was convicted following a jury trial. On February 26, the defendant appeared in court with her attorney, moved to withdraw her plea of not guilty and to plead guilty for the lesser included offense of robbery.

■■ The court advised her in the language of the statute the elements of robbery and she answered, "yes" to his question as to whether or not she understood the nature of the charge against her. It is asserted that this was insufficient because the trial judge did not tell her that there were two counts of armed robbery in the indictment and two different victims, did not tell her to which specific counts she was pleading guilty, did not advise her there were two other defendants involved in the crime, did not explain the principles of the law of accountability and lastly, that it was not explained to her that even though she was charged with armed robbery it was permissible for her to plead guilty to the lesser included offense of robbery. When this entire record is scrutinized these barbs directed at the admonition thus far, as we shall see, are tortuous and hyper-critical interpretations of the admonitions.

■■ The record shows that the defense counsel informed the court that there had been a negotiated plea discussed prior to the effective date of the Unified Code and to the court's question as to whether or not her guilty plea was a result of that plea agreement the defendant replied, "That's right." This statement was concurred in by the new State's attorney. The court asked the defendant, "What's your understanding of the plea agreement?" Answer: "That I will be sentenced to the reformatory for a sentence of not less than two years and not more than five years." The court then stated, "Are you asking the court to accept your plea of guilty and to so sentence you?" Answer: "Yes, sir." The court then accepted the defendant's plea and sentenced her to not less than 2 or more than 5 years with a parole term of 3 years and asked, "Do you understand this parole term?" She said, "No, I don't." He then explained that if she had to serve the full time she would still be on parole for 3 years unless she got a discharge and stated to her that the Department of Corrections have the power to do this, *i.e.*, reduce the parole term or discharge you from parole. "Do you understand this?" "Yes, sir." The court then stated that there might be a little bit of inconsistency between the old Code and the new but he believed this sentence was to the defendant's advantage and then said, "Do you agree, Mr. Brandt?" Reply: "Yes, sir." "Do you agree, Mr. State's attorney?" Reply: "Yes, sir." "Do you agree, Mrs. Goins?" Reply: "Yes, sir." It is urged here that the

statement with reference to the parole is a violation of the plea agreement. The record does not indicate that any question of parole was any part of the plea agreement and if this vitiates it, it vitiates the entire proceedings and the plea must be vacated and the case remanded to the trial court for a new arraignment. The defendant in effect argues that the minimum in this case must be reduced from 2 years to 1 year and 8 months under the Code of Criminal Corrections notwithstanding the plea agreement as the minimum cannot be more than one-third of the maximum. We think the record in this case is sufficient for effective sentencing without remandment to the trial court for further consideration under the plea. All other required findings, admonitions and terms of the plea agreement were fully complied with.

Accordingly, the sentence in this case is modified and as modified, the minimum sentence shall be not less than 1 year and 8 months and the maximum not more than 5 years. With the sentence as modified, the conviction is affirmed and the cause is remanded to the circuit court of Jersey County with directions to issue an amended mittimus reflecting the foregoing modifications. *People v. Mize*, 9 Ill.App.3d 647, 292 N.E.2d 731.

Conviction affirmed, sentence modified and cause remanded with directions to issue a modified mittimus.

TRAPP and SIMKINS, JJ., concur.