THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DANIEL PATRICK SANDERS, Defendant-Appellant.

(No. 12460;

Fourth District—November 21, 1974.

John F. McNichols, J. Daniel Stewart, and John L. Swartz, all of State Appellate Defender's Office, of Springfield, for appellant.

Roger W. Thompson, State's Attorney, of Lincoln (Michael A. Fleming, Senior Law Student, of counsel), for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

This is an appeal by the defendant from the judgment of the circuit court of Logan County sentencing him on a negotiated guilty plea to a term of 1 to 3 years in the penitentiary plus 2 years' parole. The appeal is predicated solely upon the proposition that the court erred in accepting the defendant's plea without first informing him of the existence of non-penitentiary minimum sentences available under the new Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1001 *et seq.*). Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402) and our decision in *People v. Harl*, 11 Ill.App.3d 372, 297 N.E.2d 404, are cited as authority for defendant's appeal.

Defendant was indicted for burglary, theft and an offense relating to motor vehicles. On April 12, 1973, the State's attorney tendered to the court a written plea agreement. That agreement bound the defendant to plead guilty to Count III of the indictment relating to motor vehicles, and bound the People to dismiss Counts I and II relating to the burglary and theft respectively. It further stipulated that there would be no fine, that the defendant would be sentenced to a term of imprisonment not less than 1 nor more than 3 years, that the defendant would waive probation and presentence report, that there would be no order of restitution, and that the defendant's prior record would be stipulated. The

court made a thorough inquiry of the defendant about his understanding of the terms of the agreement and the other matters required by Rule 402 before acceptance of the plea and stated the possible penalties under the statute: "The penalty provision as pertaining to you is contained in the Code of Corrections. You are charged with a Class IV felony. A Class IV felony carries with it a possible period of imprisonment from 1 to 3 years plus two years' parole and a fine of $10,000. Do you understand that?" The defendant replied, "yes." The terms of the plea agreement were carried out and the sentence imposed was the one specified in the Criminal Code for a Class 4 felony without the $10,000 fine.

The defendant charges that the proceedings did not inform him of the minimum and maximum sentence prescribed by law for the offense with which he is charged under the new Code, and cited our *People v. Harl* as the basis for the proposition that this defendant "bargains without knowledge of all of his bargaining tools," and without knowledge of non-penitentiary dispositions of his case which are characterized in the new Code as sentences, that is, probation, conditional discharge, periodic imprisonment, confinement in the penitentiary, and fine.

Both this position of the defendant and any effectiveness of *Harl* to support it were effectively laid to rest by the supreme court decision recently filed in *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559, reversing *People v. Krantz*, 12 Ill.App.3d 38, 397 N.E.2d 386. In that case the supreme court referred to *Harl* in determining whether or not substantial compliance with Rule 402(a)(2) requires that an accused be admonished as to certain provisions of the Unified Code of Corrections, and specifically stated that substantial compliance with that rule does not require that the defendant be informed by the court "concerning the possible dispositions by way of periodic imprisonment, probation, conditional discharges in cases of juvenile offenders and fines." (58 Ill.2d 187, 195.) In our judgment *Krantz* effectively inters the alleged error here made as well as the statements in *Harl* quoted above. Accordingly, we hold that there was substantial compliance with the supreme court rule and that the defendant made such plea freely, understandingly, and with adequate knowledge of the consequences of his plea. The judgment of the trial court is affirmed.

Affirmed.

CRAVEN and SIMKINS, JJ., concur.